## CAMDEN FIRE INS. ASS'N v. ECKEL et al. (No. 1028–5209.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

Andrews, Streetman, Logue & Mobley and J. R. Andrews, all of Houston, for plaintiff in error.

Thompson, Knight, Baker & Harris, of Dallas, for defendants in error.

SPEER, J. Frank Eckel carried certain insurance policies upon a store, house, stock, fixtures, etc., situated near Hempstead, in Waller county. The property burned, and in adjusting his losses he executed to the Northern Assurance Company the following instrument:

"I, Frank Eckel, hereby assign and transfer to the Northern Assurance Company any and all claim I may have against any company represented by Cravens, Dargan & Roberts, of Houston, Texas, covering certain of my property and damages by fire, on March 4, 1922, as security for advances made me by the Northern Assurance Company on this day, on account of such loss, to be repaid to the Northern Assurance Company only out of the recovery, if any, as against the company or companies represented by Cravens, Dargan & Roberts, this agreement not being an agreement on my part to pay any sum, but that the Northern Assurance Company shall have any and all recovery that they may make against any company or companies represented by Cravens, Dargan & Roberts, to repay the advance which they have made me, and any expenses to which they may be put to affect any such recovery, it being understood that while recovery can be attempted in my name, and I will assist to the best of my ability in the same, that I shall not be charged with any expense in connection therewith, but all of such expenses shall be borne by the Northern."

On January 27, 1923, this suit was filed in the name of Frank Eckel against the Camden Fire Insurance Association upon a policy held by Eckel at the time of the fire. The Camden Company, induced apparently by an affidavit by Eckel disclaiming any interest in or authority for the suit, filed a motion under the statute (article 320) challenging the authority of the attorneys to institute or prosecute the suit. Nothing appears to have come of this motion until October 12, 1926, when a supplemental petition was filed as follows: "Now comes plaintiff and Northern Assurance Company, a corporation, appearing herein in the name and through the plaintiff, Frank Eckel, and by way of supplemental petition," etc.

On the same day the defendant filed its motion to dismiss the cause brought in the name of Eckel, and this motion was granted, and the cause as to Eckel was dismissed upon a finding by the court that said suit was filed without authority. The court thereupon also sustained the defendant's exception to the petition of Northern Assurance Company interposing the defense of four years' limitations and dismissed the cause as to that company.

Before these orders were made, his attention having been called to his assignment in favor of the Northern Assurance Company, Eckel in open court acquiesced in the institution and further maintenance of the suit in his name, and upon the court's dismissing it he excepted and prosecuted a writ of error to the Court of Civil Appeals. The Northern Assurance Company likewise prosecuted its writ of error, and the Court of Civil Appeals reversed and remanded the cause. 5 S.W.(2d) 849.

The Court of Civil Appeals refers to the Northern Assurance Company as intervener, but this is inapt. The Northern Assurance Company did not seek to enter the case upon any principle of intervention, but rather it has, at all times, proceeded on the theory that the suit, when and as instituted originally, was its suit, and in our opinion this is the correct conception of the situation.

It may be conceded, if after the assignment above set out Eckel for his own account had instituted the suit without the knowledge or acquiescence of the Northern Assurance Company, it would not have been that company's suit, so as to toll the statute of limitations. A judgment rendered in such a case might not have been binding upon it. But the undisputed facts here show that Eckel did not institute the suit, that it was in fact instituted by an attorney representing the Northern Assurance Company, and there is no reasonable doubt that this course was pursued because of the express authority given in the assignment already quoted. That being true, it was the Northern Assurance Company's suit, and not Eckel's at all. He was a mere use plaintiff. In such a case, the legal title

appearing to be in him, it is not required that the petition by the use plaintiff should show upon its face that it is brought for the benefit of another. If in truth the real beneficial owner institutes the suit in that form, or even if he knows that it has been instituted in that form, and acquiesces therein, any judgment rendered will be res adjudicata as to him, upon the ground that he was in truth the party plaintiff—that it was his suit. Jackson v. West, 22 Tex. Civ. App. 483, 54 S. W. 297 (writ refused); Stephens v. Motl, 82 Tex. 81, 18 S. W. 99; Black on Judgments (2d Ed.) § 538.

In such a case the suit may proceed in the name of the use plaintiff or the real plaintiff may be substituted. It is at all times the same cause of action, and a substitution of the real plaintiff is not the institution of a new suit.

Besides, even under the statute invoked by the defendant in the trial court (article 320) that court had no authority to dismiss the suit as originally brought, unless it appeared that the attorneys had no sufficient authority from the plaintiff to institute or *prosecute* the same. Here it indisputably appears upon the hearing of that motion that the attorneys did have sufficient authority from the plaintiff to institute and prosecute the same; so that it was error to dismiss at all.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.