**Helen V. JASKOLSKI, Appellant,**

v.

**Edward A. JAHN, Appellee.**

No. 4569.

Court of Civil Appeals of Texas.

Waco.

Nov. 10, 1966.

Levy, Levy, Schwab & Coughlin, Lawrence M. Coughlin, Galveston, for appellant.

Edward A. Jahn, pro se.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a suit for damages. Plaintiff sued defendant for $233.10 damages caused by defendant's negligence in running into plaintiff's parked car. Defendant answered, alleging that prior to suit he paid plaintiff $100 in full satisfaction of the cause of action plaintiff sues on.

Trial before the Court without a jury resulted in judgment that plaintiff take nothing.

The Trial Court filed findings and conclusions as follows:

### FINDINGS OF FACT

1) Defendant paid plaintiff $100.

2) The amount of damage to plaintiff's car was $333.10.

3) Plaintiff testified she does not make any claim for damages against defendant, and does not want a judgment against defendant.

## ADDITIONAL FINDINGS OF FACT

1) Defendant's car struck and damaged plaintiff's car which was properly parked at the curb.

2) Defendant failed to drive his car in a proper lane of traffic, which was negligence and a proximate cause of the collision.

3) Defendant knew at the time of the $100 payment to plaintiff that plaintiff had a $100 deductible insurance policy.

## CONCLUSIONS OF LAW

1) There could be no judgment rendered against defendant under the evidence.

2) The only parties involved in this cause are the plaintiff and the defendant.

Plaintiff appeals, contending the Trial Court erred:

1) In finding as a matter of fact, that plaintiff does not make any claim for damages against defendant and does not want a judgment against defendant.

2) In concluding as a matter of law there could be no judgment against defendant under the evidence.

3) In entering judgment for defendant and in not entering judgment for plaintiff.

The agreed Statement of Facts reflects: Defendant's car struck plaintiff's properly parked car, necessitating repairs to plaintiff's car of $333.10; the repairman was paid such amount, of which $100 was paid by defendant. Plaintiff testified defendant paid her $100, which was the amount of her deductible under her insurance policy; and further *"she was out no money"*, and *"personally had no further claim against defendant"* ; and *"personally claimed no judgment against defendant"*; and that *"her insurance company paid the balance of the damages and was pursuing this claim against defendant."* Plaintiff testified she did not execute a release to defendant. Defendant testified he paid plaintiff $100, which she stated was the deductible under her insurance policy; and that plaintiff executed a release in his favor. Plaintiff's attorney objected to the evidence of release on the basis of hearsay, and that the release was the best evidence. The Court sustained the objection, and no release was offered in evidence, nor any further testimony regarding such release.

■ Plaintiff filed suit against defendant; defendant was guilty of negligence proximately causing plaintiff's damages in the amount of $333.10; defendant paid plaintiff $100; plaintiff's insurance company paid the balance of the damage and the evidence is *"was pursuing this claim against defendant."* We think plaintiff entitled to judgment against defendant for $233.10. The fact plaintiff testified she "personally had no further claim against defendant"; and "personally claimed no judgment against defendant", is immaterial.

It is apparent from the record plaintiff has a cause of action; that plaintiff's insurance carrier paid the damages less the $100 deductible; and plaintiff still seeks judgment (by this appeal) against defendant.

■ In such situation the insurance carrier may proceed against defendant in the name of plaintiff. Camden Fire Ins. Ass'n. v. Eckel, Comm.App., 14 S.W.2d 1020; and assignee insurance company is not a necessary party. Hyde v. Marks, CCA, Er. Dis., judgment correct. 138 S.W. 2d 619. And where beneficial owner files a suit in the name of assignor, it is not necessary that petition show on its face that it is brought for the benefit of another, if in truth the real beneficial owner instituted the suit in that form. San Antonio & A. P. Ry. v. D. M. Picton & Co., CCA, Er. Ref., 111 S.W.2d 842; Anders v. Newsom, CCA, (n. w. h.), 217 S.W.2d 422; Hudson

Underwriters Agency, etc. v. Ablon, CCA, Er. Dis., 203 S.W.2d 584.

The trial court should have entered judgment for plaintiff for $233.10.

Reversed and rendered.