**In re Emilio ROMERO, Relator.**

**No. 04–97–00352–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 22, 1997.

Martin Phipps, Davis, Adami & Cedillo, Inc., San Antonio, for Appellant.

Andrew E. Toscano, Toscano & Schaufel, P.C., Tom L. Newton, Jr., Alex M. Miller, Allen, Stein, Powers, Durbin & Hunnicutt, P.C., San Antonio, for Appellee.

Before HARDBERGER, C.J., and DUNCAN and ANGELINI, JJ.

## OPINION

DUNCAN, Justice.

Emilio Romero seeks a writ of mandamus to compel the trial court to set aside a modification order because the order, signed after the expiration of the trial court's plenary power, is void.[2] We hold the trial court's

---

**2.** Relator erroneously named as respondent the visiting judge who signed the nonsuit order, rather than the permanent judge of the court. *See Humana Hosp. Corp. v. Casseb,* 809 S.W.2d 543, 544 n. 1 (Tex.App.—San Antonio 1991, orig. proceeding). Because we decline to issue the requested writ, however, this error is immaterial.

modification order was signed within the period of its plenary power because it modified an order that was itself interlocutory since it did not expressly or by necessary implication dispose of a pending subrogation claim. Therefore, to the extent the modification order purports to reinstate an already-pending case, it is ineffective, not void. Accordingly, we deny the requested writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Barbara Eickenroht sued Romero in county court for damages she alleged Romero caused in a car accident. Shortly after Eickenroht filed her suit, her insurer, State Farm Mutual Automobile Insurance Company, intervened. State Farm alleged it had paid all or a part of Eickenroht's damages and was therefore subrogated to her recovery against Romero to the extent of its payments.

While pursuing the county court suit, Eickenroht's attorney apparently determined that she would be seeking damages in excess of the county court's jurisdiction. He therefore filed a second suit in district court re-alleging her cause of action against Romero and thereafter, in the county court suit, moved to dismiss "[Eickenroht's] cause of action against Defendants" "with prejudice to refiling." The resulting order "[o]rdered that the Motion of Plaintiff to dismiss her entire case against Defendant be dismissed in all things *with* prejudice be and it is hereby granted." Neither the motion nor the nonsuit order mentioned State Farm, its intervention, or its subrogation claim; the order does not reflect an appearance by State Farm relative to the nonsuit; and the order was not signed as "approved" by State Farm's attorney.

Thirteen months after the nonsuit order, and shortly before trial in the district court case, Eickenroht and State Farm obtained an order from the county court modifying the nonsuit order to reflect a nonsuit without prejudice and purporting to reinstate the case. It is this reinstatement order Romero asks us to set aside in this mandamus proceeding.

### PREREQUISITES OF MANDAMUS RELIEF

A writ of mandamus will issue only if the relator establishes he has no other adequate remedy at law to redress a clear abuse of discretion by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839–42 (Tex.1992). The writ is therefore a proper means to require a trial court to withdraw a void order, which is necessarily an abuse of discretion for which the ordinary remedy by appeal is inadequate. *See, e.g., Dunn v. Street*, 938 S.W.2d 33, 35 (Tex.1997); *City of Laredo v. Schuble*, 943 S.W.2d 124, 126 (Tex.App.—San Antonio 1997, orig. proceeding).

### DISCUSSION

Romero argues a writ of mandamus should issue because the trial court's reinstatement order was signed after the expiration of its plenary power and is, therefore, void. We disagree.

Whether a trial court enjoys plenary power over an order depends upon whether the order is "interlocutory" or "final." *See, e.g., Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83 (Tex.1993); *Orion Enters., Inc. v. Pope*, 927 S.W.2d 654 (Tex.App.—San Antonio 1996, orig. proceeding). If the order is interlocutory, the trial court "retains continuing control ... and has the power to set [it] aside any time before a final judgment is entered." *Fruehauf*, 848 S.W.2d at 84; *see Orion Enters.*, 927 S.W.2d at 658.

Once a final judgment is signed, however, the countdown begins on the trial court's plenary power over not only its final judgment but also its previously interlocutory orders, which are merged into and made final by the judgment. This countdown concludes, and the trial court's jurisdiction expires, thirty days after the date the final judgment was signed or, if a timely motion for new trial (or its equivalent) was filed, thirty days after the date the motion is denied either by a signed order or by operation of law. *Id.; see generally* TEX.R. CIV. P. 329b. The first potentially dispositive issue in this proceeding is thus whether the trial court's nonsuit order was final or interlocutory.

"[T]o be final a judgment must dispose of all issues and parties in a case." *North East*

*Indep. Sch. Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex.1966). Issues and parties may be disposed of *expressly,* by *"necessary implication,* or even by *implication." Id.* at 896. However, if a nonsuit order does not expressly dispose of all issues and parties, it is not presumed to do so by implication. *Id.* at 897.

The trial court's nonsuit order in this case does not expressly dispose of State Farm's subrogation claim. Accordingly, Romero argues, in effect, that it does so by necessary implication because, by dismissing Eickenroht's cause of action with prejudice, the order necessarily extinguished State Farm's derivative subrogation claim. Again, however, we disagree.

■ As Romero correctly points out, subrogation rights are derivative. *Guillot v. Hix,* 838 S.W.2d 230, 232 (Tex.1992). But this fact does not necessarily lead to the conclusion that subrogation rights are extinguished by a dismissal of the insured's cause of action with prejudice. Rather, the viability of the insurer's subrogation rights in this situation depends upon whether they have matured, *i.e.,* whether the insurer has paid all or a part of its insured's loss at the time the insured's claim is dismissed. As explained by one leading commentator:

> Most of the cases turn upon the principle that the insurer acquires no subrogation rights *until it pays the loss,* and that it then acquires only such rights against the tortfeasor as the insured had *at that time,* so that where the insured has effectively settled his claim and released his cause of action against the tortfeasor, the insurer can acquire no subrogation right against the tortfeasor *when it later pays the claim.*

16 MARK S. RHODES, COUCH CYCLOPEDIA OF INSURANCE LAW § 194 (rev. ed.1983) (emphasis added); *see, e.g., Hollen v. State Farm Mut. Auto. Ins. Co.,* 551 S.W.2d 46, 49 (Tex. 1977); *Interstate Fire Ins. Co. v. First Tape, Inc.,* 817 S.W.2d 142, 145 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *City of Houston v. Twin City Fire Ins. Co.,* 578 S.W.2d 806, 808 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In line with this basic principle, the Supreme Court of Texas has expressly held that, "[b]y paying part of plaintiff's loss, its insurer . . . became a pro tanto owner of the cause of action. The payment itself creates this right and need not be expressed in the insurance contract." *Thoreson v. Thompson,* 431 S.W.2d 341, 347 (Tex.1968) (citations omitted).

Necessarily, therefore, from the point of payment forward, the viability of the insurer's part of the cause of action does not rise or fall with the fate of its insured's part of the cause of action. *See Hartford Cas. Ins. Co. v. Albertsons Grocery Stores,* 931 S.W.2d 729, 735–36 (Tex.App.—Fort Worth 1996, no writ); *Macarangal v. Andrews,* 838 S.W.2d 632, 635–36 (Tex.App.—Dallas 1992, orig. proceeding [leave denied] ); *Cox v. Realty Dev. Corp.,* 748 S.W.2d 492, 494 (Tex.App.—Dallas 1988, no writ). *But see Smith v. Babcock & Wilcox Constr. Co., Inc.,* 915 S.W.2d 22, 26–27 (Tex.App.—Austin 1994), *rev'd on other grounds,* 913 S.W.2d 467 (Tex. 1995); *Phennel v. Roach,* 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied).

As indicated by the "but see" cite above, even a brief foray through the cases indicates the Texas Courts of Appeals have not applied the *Thoreson* principle consistently. In *Cox,* for instance, a panel of the Dallas Court of Appeals effectuated the *Thoreson* principle, holding the dismissal of the insured's claim as a discovery sanction "did not sound the death knell for [his insurer's] claim based on subrogation" because "[w]hen [the insurer] paid a part of [the insured's] loss, it became a *pro tanto* owner of [the insured's] cause of action." *Cox,* 748 S.W.2d at 494 (Howell, J., joined by Enoch, C.J., and Hecht, J.). But another panel of the same court later held, without itself referencing *Cox* and over the vigorous dissent of *Cox's* author, that "because [the insured's] pleadings were struck [as a discovery sanction], resulting in a take nothing judgment, [the insurer's] cause of action against [the third party] must also be defeated." *Phennel,* 789 S.W.2d at 615 (Burnett, J., joined by Baker, J.); *id.* at 615 (Howell, J., dissenting). Still later, over the vigorous dissent of a member of the *Phennel* majority, another panel of the Dallas Court of Appeals appears to have distinguished *Phennel* as an "express disposition" case, holding a dismissal order that did not ex-

pressly dispose of the insurer's subrogation claim did not do so by necessary implication. *Macarangal,* 838 S.W.2d at 635 n. 2 (Rosenberg, J., joined by Enoch, C.J.); *id.* at 636 (Baker, J., dissenting). Most recently, in an opinion for the Fort Worth Court of Appeals, Justice Dauphinot declined to follow *Phennel* because it "misconstrued subrogation" and instead followed *Cox. Hartford Cas.,* 931 S.W.2d at 735–36.

We of course need not choose between *Cox, Phennel, Macarangal,* and *Hartford Casualty* since none of these decisions bind this Court. We are, however, bound by the principle of *pro tanto* ownership recognized in *Thoreson,* and we perceive no logic by which an insured could unilaterally destroy the part of the cause of action acquired by his insurer upon its payment of a part of the insured's loss. We therefore hold neither Eickenroht's voluntary dismissal of her part of the cause of action against Romero nor the nonsuit order extinguished State Farm's subrogation claim by necessary implication since State Farm had, by that point in time, paid a part of Eickenroht's damages and thus become a *pro tanto* owner of the cause of action against Romero.

### CONCLUSION

Because the nonsuit order dismissing Eickenroht's claim against Romero with prejudice did not expressly or by necessary implication dispose of State Farm's subrogation claim, the nonsuit order was interlocutory and subject to the trial court's continuing control. As a result, the trial court's reinstatement order was not signed outside the period of plenary power. We therefore conclude the order is not void and deny the requested writ of mandamus.