PRUDENTIAL PROPERTY AND CASUALTY COMPANY, as Subrogee of Braxton Jones and Linda Day Jones, Appellants,

v.

DOW CHEVROLET–OLDS, INC., Appellee.

No. 06–98–00129–CV.

Court of Appeals of Texas, Texarkana.

Submitted Oct. 21, 1999.

Decided Dec. 21, 1999.

---

2. Tex.Code.Crim. Proc. Ann. art. 28.10 and 28.11 (Vernon 1989).

Deborah J. Race, Ireland, Carroll, Kelley, Tyler, Bradley R. Echols, Boon, Shaver, Echols & Coleman, PLLC, Longview, for appellant.

Reid Wm. Martin, Sammons & Parker, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Prudential Property and Casualty Company, as subrogee of Braxton Jones and wife, Linda Jones, appeals from a sanction order dismissing with prejudice its subro-

gation suit against Dow Chevrolet–Olds, Inc. Prudential's insureds, the Joneses, reside in Scottsdale, Arizona, and refused to appear in Texas to have their depositions taken. The district court ordered them to appear in Wood County, Texas, to be deposed and warned Prudential that if the Joneses did not appear, its cause of action would be dismissed. When the Joneses failed to appear as ordered, the court granted Dow's motion to dismiss the case.

Prudential contends that the Joneses should be considered witnesses for the purpose of determining the time and place for depositions, that the trial court may not dismiss an insurance company's subrogation suit for alleged discovery violations by the insureds, and finally, that the trial court abused its discretion in failing to consider a lesser discovery sanction and in dismissing Prudential's suit.

The record shows that Dow serviced the Joneses' automobile in June and July of 1995, and that on August 8, 1995, that vehicle caught fire in the garage of their home, damaging not only the car, but their garage and a portion of their home as well. Prudential was the Joneses' insurance carrier and compensated them for this loss. On February 20, 1997, Prudential filed suit against Dow, claiming that Dow's work on the automobile was the cause of the fire. The suit was filed in Wood County and was brought in the names of the Joneses only. There was no indication from the style or the content of the petition that Prudential was bringing this suit as subrogee of the Joneses.[1] However, after Dow insisted on taking the Joneses' depositions in the county where the suit was brought, Prudential revealed that this action was a subrogation matter and that it was the only real party in interest. Prudential contended that since the Joneses were merely fact witnesses, and since they now live in Arizona, they are not required to

1. Initially, Prudential did not expressly mention that it was involved in this suit as a subrogee, and the claims and damages sought, such as Deceptive Trade Practices Act claims, punitive damages, and attorney's fees, also did not impliedly assert that this was a subrogation action.

give their depositions in Texas.[2] The trial court disagreed and granted Dow's motion to compel the Joneses to appear in Texas to be deposed. The court warned Prudential that if the Joneses did not appear as ordered, the case would be dismissed. The Joneses refused to appear in Texas. Prudential offered to pay Dow's expenses associated with taking the depositions in Arizona, but Dow declined their offer. The trial court then dismissed Prudential's case with prejudice.

 In a subrogation action, it is well established that there is only one cause of action for the insured's injuries, and that cause of action belongs to the insured. *See Guillot v. Hix,* 838 S.W.2d 230, 232 (Tex.1992) (dealing with subrogation in the context of workers' compensation). However, simply because the claim belongs to the insured does not mean that the insurer must wait for the insured to assert this claim in order for the insurer to recover. *See Franks v. Sematech, Inc.,* 936 S.W.2d 959, 960 (Tex.1997) (dealing with subrogation in the context of workers' compensation). The insurer can assert its subrogation claim independently of the insured, even though that claim is considered derivative of the insured's claim. *See Guillot,* 838 S.W.2d at 232, 235. When an insurer asserts this type of claim without the insured, the insurance carrier may sue in its own name or in the insured's name. *See Franks,* 936 S.W.2d at 960; *Camden Fire Ins. Ass'n v. Eckel,* 14 S.W.2d 1020, 1021–22 (Tex. Comm'n App.1929, judgm't adopted); *Jaskolski v. Jahn,* 410 S.W.2d 858, 859 (Tex.Civ.App.-Waco 1966, no writ); *Fort Worth & Denver Ry. Co. v. Ferguson,* 261 S.W.2d 874, 880 (Tex.Civ. App.-Fort Worth 1953, writ dism'd).

 The instant suit was originally filed by Prudential in the name of the insured, without disclosing the insurance carrier's involvement in the suit. While this may be misleading, Prudential was clearly within its rights, under the laws of subrogation, to file suit in this manner. This type of filing is not only allowed, it is considered by some as necessary to ensure that the insurance carrier is able to recover its contributions to the insured from a third party tort-feasor, regardless of whether the insured chooses to pursue the claim. *See Hartford Cas. Ins. Co. v. Albertsons Grocery Stores,* 931 S.W.2d 729, 734 (Tex. App.-Fort Worth 1996, no writ).

 Dow contends that, for a variety of reasons, the Joneses should be considered real parties in interest, rather than mere witnesses, to this suit. First, they argue that since Dow is asserting the affirmative defense of contributory negligence, the Joneses are necessary parties to this suit. However, a subrogee is subject to any and all defenses that could have been asserted against the subrogor. *Guillot,* 838 S.W.2d at 232. Since the Joneses are subject to the defense of contributory negligence, so is Prudential. Dow cites no authority in support of its position that the assertion of this defense in a subrogation suit makes the subrogor a necessary party.

 Second, Dow asserts that the Joneses are parties because they "prosecuted" this suit by answering interrogatories sent to them as party plaintiffs. Former Texas Rules of Civil Procedure 168 and 169 do limit the use of requests for admissions and interrogatories to parties only. Tex.R. Civ. P. 168, 169 (Vernon 1998) (now Tex.R. Civ. P. 197.1, 198). However, this does not mean that any person who unwittingly makes a general appearance by responding to a discovery request automatically becomes a party to

**2.** Prudential argued that according to former Tex.R. Civ. P. 201(5) (Vernon 1998), (now Tex.R. Civ. P. 199.2(b)(2)), the Joneses were not required to attend a deposition in the county of the suit. Former Rule 201(5) stated that a witness' deposition may be taken in the county of the witness' residence, the county where the witness conducts business, or at another convenient place directed by the court. Additionally, this rule provides that the deposition of a party, or the person properly designated as the party's agent or representative, may be taken in the county of the suit.

the suit. *In re Estate of Ayala,* 986 S.W.2d 724, 726 (Tex.App.-Corpus Christi 1999, no pet.). The long-standing rule in Texas is that "to constitute a general appearance where the party has filed no written pleading, the party must seek a specific adjudication by the court on some question other than that of the court's jurisdiction." *Cleaver v. George Staton Co.,* 908 S.W.2d 468, 470 (Tex.App.-Tyler 1995, writ denied), *citing Liberty Enters., Inc. v. Moore Transp. Co.,* 690 S.W.2d 570 (Tex.1985). In this case, Prudential filed a written pleading in the Joneses' name. Thereafter, Dow served on counsel for Prudential interrogatories for the Joneses, which they answered and verified. It is clear that voluntarily answering interrogatories, with nothing more, does not constitute a general appearance and thus does not automatically make the Joneses a party to this suit.

Finally, Dow argues that the Joneses must be considered parties to this suit, since Prudential brought this claim in the Joneses' name to harass Dow. Dow claims that Prudential brought this suit in the names of the Joneses alone, without obtaining their consent, seeking damages it was not entitled to receive, in a conscious effort to deceive Dow. Dow claims that in the interest of fairness, Prudential's unclean hands make it imperative that the Joneses be considered a real party in interest to this suit. However, requiring the Joneses to become parties to this subrogation action is not the appropriate remedy for Prudential's alleged deceptive behavior.

■ According to Rule 13, a trial court is given the right to impose appropriate sanctions on a party who asserts a groundless claim or who brings a claim in bad faith. TEX.R. CIV. P. 13.[3] However, these sanctions were not sought by Dow, and they were not imposed on Prudential by the trial court. It is true that Prudential brought a DTPA claim, sought punitive damages, and asked for attorney's fees, none of which it is entitled to receive as a subrogee. *See American Centennial Ins. Co. v. Canal Ins. Co.,* 843 S.W.2d 480, 485 (Tex.1992) (Hecht, J., concurring, joined by four justices), *citing Phipps v. Fuqua,* 32 S.W.2d 660, 663 (Tex.Civ.App.-Amarillo 1930, writ ref'd) (discussing that subrogation is for indemnity and nothing more); *Trimble v. Itz,* 898 S.W.2d 370, 371–72 (Tex.App.-San Antonio), *writ denied per curiam,* 906 S.W.2d 481 (Tex.1995) (discussing why an insurer cannot assert a DTPA claim in a subrogation matter). The trial court could find some of Prudential's claims groundless and brought in bad faith, and it could impose those sanctions that the court deems appropriate. *See* TEX.R. CIV. P. 13; *Transport Indem. Co. v. Orgain, Bell & Tucker,* 846 S.W.2d 878, 882–83 (Tex.App.-Beaumont), *writ denied per curiam,* 856 S.W.2d 410 (Tex.1993)

---

3. TEX.R. CIV. P. 13 states the following:

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

(appellants made admission that they did not qualify as a consumer, yet still maintained a DTPA claim for over a year and a half; the court stated that this was evidence of bad faith, harassment, and possibly malice). However, forcing the Joneses to become parties to this subrogation suit is not an appropriate means of correcting any Rule 13 violations that Prudential may have committed. Prudential's contention that the Joneses should be considered witnesses for the purpose of determining the time and place for depositions is sustained.

Prudential also contends that the trial court may not dismiss an insurance company's subrogation suit for alleged discovery violations by the insureds. In Texas, there is a split of authority regarding this question. One school of thought in this area has held that when the insured's cause of action is dismissed, the insurer's cause of action is also defeated. *See Smith v. Babcock & Wilcox Constr. Co.*, 915 S.W.2d 22, 26–27 (Tex.App.-Austin 1994), *rev'd on other grounds*, 913 S.W.2d 467 (Tex.1995); *Phennel v. Roach*, 789 S.W.2d 612, 615 (Tex.App.-Dallas 1990, writ denied). In both *Babcock* and *Phennel*, the insured brought a cause of action against the third party tort-feasor, and the insurer intervened. *Id.* at 615. In *Babcock*, the insured failed to appear at the trial setting, and the court dismissed the case for want of prosecution against both the insured and the insurer. *Smith*, 915 S.W.2d at 24. In *Phennel*, the insured failed to respond to the defendant's discovery requests for over ten months, and the court struck the insured's pleadings, and entered a take-nothing judgment against both the insured and the insurer as a sanction for this abuse of the discovery process. *Phennel*, 789 S.W.2d at 614–15. The reasoning relied on in these holdings is the same reasoning that the Texas Supreme Court has stated in *Guillot*, which is that since a subrogation action is derivative, the defendant may ordinarily assert any defense against the subrogee that they have against the subrogor. *Guillot*, 838 S.W.2d at 232 (citing *Phennel*, 789 S.W.2d

at 615; *City of Houston v. Twin City Fire Ins. Co.*, 578 S.W.2d 806, 808 (Tex.Civ. App.-Houston [1st Dist.] 1979, writ ref'd n.r.e.) (employee's failure to comply with notice requirement for claim against city was fatal to insurer's subrogation suit against city); *Warneke v. Argonaut Ins. Co.*, 407 S.W.2d 834, 837 (Tex.Civ.App.-El Paso 1966, writ ref'd n.r.e.) (employee's release of tort-feasor barred action by carrier)). Therefore, if the insured's cause of action is defeated, then the insurer's claim is also defeated.

However, the other line of cases in this area holds exactly the opposite. They claim that the viability of an insurer's cause of action does not depend on whether the insured's cause of action survives, but rather on whether the insurer has already paid all or part of the insured's loss. *See In re Romero*, 956 S.W.2d 659 (Tex.App.-San Antonio 1997, orig. proceeding) (a nonsuit order dismissed the insured's claim, but it did not expressly or impliedly dismiss the insurer's claim); *Hartford Cas. Ins. Co. v. Albertsons Grocery Stores*, 931 S.W.2d 729, 735–36 (Tex. App.-Fort Worth 1996, no writ) (when insurer timely filed suit without the insured, the tort-feasor could not successfully assert statute of limitations defense against carrier); *Macarangal v. Andrews*, 838 S.W.2d 632, 635–36 (Tex.App.-Dallas 1992, orig. proceeding [leave denied]) (insured, who originally filed suit, failed to file a verified motion to reinstate, and case was dismissed for want of prosecution; however, intervening insurer was not held to this dismissal since its claim was not explicitly mentioned); *Cox v. Realty Dev. Corp.*, 748 S.W.2d 492, 494 (Tex.App.-Dallas 1988, no writ) (insured, who originally brought suit, failed to appear at a scheduled deposition and his case was dismissed; this dismissal was held not to apply to the intervening insurer's claim). In order to so hold, these cases rely on an older Texas Supreme Court case, which held that once an insurer has compensated the insured, the insurer then becomes the *pro tanto* owner of

that cause of action. *Thoreson v. Thompson*, 431 S.W.2d 341, 347 (Tex.1968). Thus, once the insurer compensates the insured, the insurer's cause of action cannot be defeated merely by defeating an insured's claim. ·

 The defining difference in the case at hand and the conflicting cases cited above is that in the instant case, the insured is not a party to the suit. Prudential brought this cause of action, and the Joneses did not intervene.[4] Therefore, since the Joneses are not a party to this suit, their failure to appear at a court-ordered deposition cannot result in the dismissal of Prudential's cause of action, regardless of which line of cases is followed. Further, we agree with the court's statement in *In re Romero* that:

> We are ... bound by the principle of *pro tanto* ownership recognized in *Thoreson,* and we perceive no logic by which an insured could unilaterally destroy the part of the cause of action acquired by his insurer upon its payment of a part of the insured's loss.

956 S.W.2d at 662.

Dow argues that we are obliged to follow *Phennel* because the Texas Supreme Court cited *Phennel* with approval in *Guillot.* As noted earlier in this opinion, *Guillot* cites *Phennel* for the general rule that, in a subrogation action, a defendant may assert any defense against the subrogee that they have against the subrogor and that this rule applies in subrogation actions under the Workers' Compensation Act. We do not construe the court's brief parenthetical reference to the result in *Phennel* as approval of what one court, criticizing *Phennel,* described as an expansion of the principle of derivation to cover sanctions instead of only defenses. *See Hartford Cas.,* 931 S.W.2d at 735.

 Prudential finally contends that the trial court abused its discretion in failing to consider a lesser discovery sanction and in dismissing Prudential's suit. Various discovery sanctions, including striking a party's pleadings and dismissing their cause of action with prejudice, are authorized by Texas Rule of Civil Procedure 215. TEX.R. CIV. P. 215.2(b)(5). When a trial court chooses to impose discovery sanctions, those sanctions are reviewed under an abuse of discretion standard to determine if they are just, and if a court imposes the "death penalty" sanction, then the conduct must be in such bad faith that it justifies a presumption that the offending party's claims or defenses are meritless. *See TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991). "Death penalty" sanctions are just if the record reveals that:

1. There exists a direct relationship between the offensive conduct and the sanction imposed;

2. The sanction imposed is not excessive in the circumstances, i.e., "The punishment must fit the crime";

3. The trial court first imposed lesser sanctions to test their effectiveness at securing compliance, deterrence, and punishment of the offense; and

4. The sanctioned conduct justifies a presumption that the party's claim or defense lacks merit.

*See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 849–50 (Tex.1992) (citing *Powell,* 811 S.W.2d at 917, 918).

In the instant case, Dow filed a motion to compel plaintiffs' appearance at deposition, after it became aware of Prudential's claim that the Joneses were merely fact witnesses and thus were not required to appear at a deposition in the county of the suit. The trial court granted this motion and warned Prudential that if it did not produce the Joneses, its pleadings would be stricken and its claim would be dismissed with prejudice. Prudential at-

---

4. An affidavit was also filed by Braxton and Linda Jones whereby they stated, "We are asserting no individual claims in the lawsuit against Dow pending in Wood County. Having no interest in the lawsuit, we will not appear for depositions in Texas."

tempted to make other arrangements, with both the Joneses and Dow, but neither would comply. Therefore, the Joneses did not appear at the court-ordered deposition and the case was dismissed.

Whether or not this "death penalty" sanction was an abuse of discretion need not be addressed in this case. The Joneses are not parties to this suit, they cannot be compelled to attend a deposition in the county of the suit and, therefore, they cannot be the cause of a discovery sanction against the real party in interest, Prudential.

In this case, the trial court could have dismissed those claims which Prudential asserted on the Joneses' behalf and for which Prudential was not entitled to recover as a subrogee. Therefore, the court did not err in dismissing those claims. However, the court did err in dismissing Prudential's subrogation claim for the failure of the Joneses to appear in Texas for their depositions. So far as this claim is concerned, the court should have treated the Joneses as witnesses and not as parties in ruling on Dow's motion to compel their appearance in Texas for depositions. In accordance with former Rule 201.5, the Joneses, as witnesses, may have their depositions taken in their county of residence, in the county where they conduct business, or at another convenient place directed by the court. *See* Tex.R. Civ. P. 201.5 (Vernon 1998). Since there is no evidence in the record that supports a conclusion that it was reasonable or otherwise convenient for the Joneses to travel to Texas, the express provisions of the rule require the depositions to be taken in the Joneses' county of residence or the county where they conduct business. *See Wal–Mart Stores, Inc. v. Street,* 754 S.W.2d 153, 155 (Tex.1988).

The extent to which the court's judgment dismisses the claims sought by Prudential under the DTPA and for punitive damages and attorney's fees is affirmed. That portion of the judgment dismissing Prudential's subrogation claim is reversed, and that claim is remanded for trial.