NO. 07-10-0486-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 

JUNE 17, 2011

__________________________

 

THE CITY OF LUBBOCK, BY AND THROUGH THE TEXAS
MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, AS SUBROGEE,  

 

                                                                                    Appellant


v.

 

LESTER PAYNE, INDIVIDUALLY AND DBA PONDEROSA PROPERTIES; KCCC PROPERTIES, INC. DBA PONDEROSA PROPERTIES; CLAY D. “BEAU” BOMAR,
INDIVIDUALLY AND DBA SADDLE UP MANAGEMENT COMPANY; SHAWNDA MASEY, INDIVIDUALLY
AND DBA SADDLE UP MANAGEMENT COMPANY; RONALD WHISENANT, INDIVIDUALLY AND DBA
RON’S MAINT; JARRED
PIERSON AND DIANA VENICE PIERSON,  

 

                                                                                    Appellees

___________________________

 

FROM THE 237TH DISTRICT COURT
OF LUBBOCK COUNTY;

 

NO. 2007-541,744; HONORABLE
PAULA LANEHART, PRESIDING

__________________________

 

Memorandum Opinion

__________________________

 

Before QUINN, C.J.,
and HANCOCK and PIRTLE, J.J.

            This
appeal involves the dismissal of the subrogation claims of the City of
Lubbock’s workers’ compensation carrier against the owner and manager of an
apartment complex.  Jarred Pierson, a Lubbock police officer,
was injured on the job while chasing a suspect at the apartment complex, when he fell over a cable that had
been placed there by the Ponderosa Apartments (Ponderosa) to prevent cars from
entering into a particular area. Pierson filed suit against Ponderosa to
recover for his injuries. At the same time, he received workers’ compensation
benefits from the City of Lubbock (the City), which intervened in his lawsuit against Ponderosa. One day before trial, Pierson
non-suited his lawsuit with prejudice. Ponderosa then also obtained a dismissal with
prejudice of the City’s claims.  However, the City contends it
is entitled to continue to pursue the lawsuit against Ponderosa to the extent
that it has made compensation benefits to Pierson. We agree and reverse the
order of dismissal. 

            If an
injured employee claims a workers’ compensation benefit, the insurance  carrier is subrogated to the rights of the injured employee
and may enforce the liability of a third party in the name of the injured
employee.  Tex. Lab. Code Ann. §417.001(b) (Vernon 2005).
The purpose of the statute is to prevent over-compensation to the employee and
to reduce the financial burden of insurance to the employer and the public. Erivas
v. State Farm Mut. Auto. Ins. Co., 141 S.W.3d 671, 676 (Tex. App.–El Paso 2004, no pet.); Granite
State Ins. Co. v. Firebaugh, 558 S.W.2d 550, 551 (Tex. Civ. App.–Eastland 1977, writ ref’d n.r.e.), (citing
Capitol Aggregates, Inc. v. Great Am.
Ins. Co., 408 S.W.2d 922 (Tex. 1966)). 
It has been held that there is only one cause of action for the
insured’s injuries that belongs to the insured. Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992); Prudential
Prop. & Cas. Co. v. Dow
Chevrolet-Olds., Inc., 10
S.W.3d 97, 100 (Tex. App.–Texarkana
1999, pet. dism’d by agr.). However, even though the subrogee’s claim is derivative, the
insurer may assert it independently. Franks v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex. 1997)
(stating that a carrier asserts a claim belonging to the employee whether it
sues in its own name or the employee’s name and whether it seeks only the
amount of benefits paid to the employee or more).    

            There is a split of authority as to
the fate of the insurance carrier when the lawsuit of the employee against a
third party is dismissed.  Some courts
hold that when an employee’s cause of action is defeated, that of the carrier
is defeated as well.  See
Smith v. Babcock & Wilcox Constr. Co., 915 S.W.2d 22, 27 (Tex. App.–Austin 1994), rev’d, 913 S.W.2d 467 (Tex. 1995) (dismissing
insurance carrier’s cause of action when the employee’s cause of action was
dismissed for want of prosecution); Phennel v. Roach, 789 S.W.2d 612, 615 (Tex. App.–Dallas 1990, writ denied) (when the
employee’s pleadings were struck as a sanction, the claim of the insurance
carrier was also defeated); Houston v. Twin City Fire Ins. Co., 578 S.W.2d 806, 808 (Tex. Civ. App. –Houston [1st Dist.] 1979, writ ref’d
n.r.e.) (failing to comply with the notice requirement
for an employee’s claim against the City resulted in the insurer’s subrogation
suit suffering the same fate). 

            Other authority holds that once
compensation benefits have been paid, the right of the insurance carrier
overrides that of the employee. Hartford Cas. Ins. Co. v. Albertsons Grocery Stores, 931 S.W.2d 729, 734 (Tex. App.–Fort Worth 1996, no writ); Tex.
Council Risk Mgmt. Fund v. Caswell, No. 03-06-00480-CV, 2007 Tex. App. Lexis 3858, at *5 (Tex. App.–Austin May 18, 2007, no pet.) (mem.
op.); see
also Herrera
v. Wembley Inv. Co., 12 S.W.3d 83, 89 (Tex. App.–Dallas 1998), rev’d on
other grounds, 11 S.W.3d 924 (Tex. 1999) (stating that dismissal of an
insured’s part of a cause of action does not necessarily dismiss the insurer’s
part); In re Romero,
956 S.W.2d 659, 662
(Tex. App.–San Antonio 1997,
orig. proceeding) (dismissing the insured’s claim did not dismiss the insurer’s
claim); MacArangal
v. Andrews, 838 S.W.2d
632, 635-36 (Tex. App.–Dallas 1992, no writ) (dismissing case for want of prosecution did not
affect the intervening insurer because the dismissal did not specifically
mention it).  In its opposition to these
authorities, Ponderosa relies on the rule that the insurance carrier is subject
to the same defenses which may defeat a cause of action as the injured party.  See Guillot v. Hix, 838 S.W.2d at 232. 
However, Pierson’s dismissal did not involve any defense asserted by
Ponderosa but was a voluntary action on Pierson’s part.  

 In agreeing with those
courts’ holdings that a dismissal of the employee’s claims does not necessarily
require dismissal of the carrier’s claims, we note the purpose of the statute
as already discussed and the rule that a party may not dismiss his lawsuit to
the prejudice of another party.  Tex. R. Civ. P. 163; Employers Cas. Co. v. Henager, 852
S.W.2d 655, 660 (Tex. App.–Dallas
1993, writ denied).  We are also mindful
of the right of the insurer to bring a lawsuit in its own name.  See Tex. Mut. Ins. Co. v.
Ledbetter, 251 S.W.3d 31,
36 (Tex. 2008) (stating that when a subrogee’s interest has been adequately
represented and then suddenly abandoned by someone else, it can intervene even
after judgment or on appeal, so long as there is neither unnecessary delay nor
prejudice to the existing parties), and the prior recognition by this court
that the injured party’s cause of action is subject to the carrier’s right of
reimbursement. Employers Cas. Co.
v. Dyess,
957 S.W.2d 884, 886
(Tex. App.–Amarillo 1997, pet.
denied); see also Prudential Prop. & Cas.
Co., v. Dow Chevrolet-Olds., Inc., 10 S.W.3d at 104 (noting that the trial court could
dismiss the claims that the insurer, Prudential, asserted on behalf of the
insureds, for which Prudential was not entitled to recover as a subrogee, but
the trial court erred in dismissing Prudential’s subrogation claims for the
failure of the insureds to appear at their depositions).[1] 

But most importantly, to hold otherwise would be to ignore
several long established rules of subrogation. 
These rules become pertinent when, as here, the subrogee (i.e. the City of Lubbock) made payment, and the tortfeasor
(i.e. Ponderosa) knew of the subrogee’s
claim before compromising the claim with the subrogor (i.e. Pierson).  

Payment from a subrogee effectuates a transfer of interest in
the cause of action to the subrogee. See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex.
2007) (stating that under either type of subrogation (contractual or equitable)
the insurer stands in the shoes of the insured obtaining only those rights held
by the insured against a third party, subject to any defenses held by the third
party against the insured); see also International Ins. Co. v. Medical-Professional
Bldg., 405 S.W.2d 867, 869 (Tex. Civ. App.–Corpus Christi 1966, writ ref’d n.r.e.) (involving
an insurance relationship and stating that the fact of payment of the loss operates as an
equitable transfer of the claim).  When
that occurs, the subrogee assumes the status as the “real party in interest” while the subrogor’s interest becomes nominal. In re CVA Gen. Contrs., Inc., 267 B.R.
773, 781-82 (Bankr. W.D. Tex. 2001). 
Next, if (1) the subrogor enters into a settlement with and gives a
release to the wrongdoer after such payment, (2)
while the tortfeasor knows of the subrogee’s rights of subrogation, and (3) the
subrogee is not party to the settlement, then settlement does not bar the
subrogee from enforcing its subrogation right. International
Ins. Co. v. Medical-Professional Bldg., 405 S.W.2d at 869.  In other words, once the subrogee’s rights become
fixed via payment, a change in the subrogor’s ability to pursue a cause of
action does not affect the subrogee’s ability. 
Rushing v. International Aviation Underwriters Inc., 604 S.W.2d 239,
241-42 (Tex. Civ. App.–Dallas 1980, writ ref’d n.r.e.); In re CVA Gen. Contrs., Inc., 267 B.R. at 782.  So, it does not matter that Pierson may have
compromised whatever remaining claim he had against Ponderosa and dismissed his
portion of the suit with prejudice. The City had compensated Pierson to some
extent before then and, therefore, owned at least a part of the cause of action.  Pierson also knew of the City’s status as a
subrogee before the non-suit.  Consequently,
the actions of Pierson, whether or not induced by Ponderosa, did not, and do
not, bar the City from continuing its recovery efforts against the purported
tortfeasor.   

            Accordingly, we reverse the trial
court’s order dismissing the City’s claims, and remand for further proceedings.

            

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice    

            

            

                 











[1]Ponderosa
argues that the City did not preserve error by failing to present any
post-judgment motion seeking to modify the dismissal of Pierson’s claims.
However, that argument is met by the analysis that Pierson dismissed only those
claims for which the insurance carrier was not entitled to recover as
subrogee.