NO. 07-10-0486-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 JUNE 17, 2011
 __________________________
 
THE CITY OF LUBBOCK, BY AND THROUGH THE TEXAS MUNICIPAL LEAGUE INTERGOVERNMENTAL RISK POOL, AS SUBROGEE, 
 
 Appellant 
 v.
 
LESTER PAYNE, INDIVIDUALLY AND DBA PONDEROSA PROPERTIES; KCCC PROPERTIES, INC. DBA PONDEROSA PROPERTIES; CLAY D. "BEAU" BOMAR, INDIVIDUALLY AND DBA SADDLE UP MANAGEMENT COMPANY; SHAWNDA MASEY, INDIVIDUALLY AND DBA SADDLE UP MANAGEMENT COMPANY; RONALD WHISENANT, INDIVIDUALLY AND DBA RON'S MAINT; JARRED PIERSON AND DIANA VENICE PIERSON, 
 
 Appellees
 ___________________________
 
 FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;
 
 NO. 2007-541,744; HONORABLE PAULA LANEHART, PRESIDING
 __________________________
 
 Memorandum Opinion
 __________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, J.J.
 This appeal involves the dismissal of the subrogation claims of the City of Lubbock's workers' compensation carrier against the owner and manager of an apartment complex. Jarred Pierson, a Lubbock police officer, was injured on the job while chasing a suspect at the apartment complex, when he fell over a cable that had been placed there by the Ponderosa Apartments (Ponderosa) to prevent cars from entering into a particular area. Pierson filed suit against Ponderosa to recover for his injuries. At the same time, he received workers' compensation benefits from the City of Lubbock (the City), which intervened in his lawsuit against Ponderosa. One day before trial, Pierson non-suited his lawsuit with prejudice. Ponderosa then also obtained a dismissal with prejudice of the City's claims. However, the City contends it is entitled to continue to pursue the lawsuit against Ponderosa to the extent that it has made compensation benefits to Pierson. We agree and reverse the order of dismissal. 
 If an injured employee claims a workers' compensation benefit, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of a third party in the name of the injured employee. Tex. Lab. Code Ann. §417.001(b) (Vernon 2005). The purpose of the statute is to prevent over-compensation to the employee and to reduce the financial burden of insurance to the employer and the public. Erivas v. State Farm Mut. Auto. Ins. Co., 141 S.W.3d 671, 676 (Tex. App. - El Paso 2004, no pet.); Granite State Ins. Co. v. Firebaugh, 558 S.W.2d 550, 551 (Tex. Civ. App. - Eastland 1977, writ ref'd n.r.e.), (citing Capitol Aggregates, Inc. v. Great Am. Ins. Co., 408 S.W.2d 922 (Tex. 1966)). It has been held that there is only one cause of action for the insured's injuries that belongs to the insured. Guillot v. Hix, 838 S.W.2d 230, 232 (Tex. 1992); Prudential Prop. & Cas. Co. v. Dow Chevrolet-Olds., Inc., 10 S.W.3d 97, 100 (Tex. App. - Texarkana 1999, pet. dism'd by agr.). However, even though the subrogee's claim is derivative, the insurer may assert it independently. Franks v. Sematech, Inc., 936 S.W.2d 959, 960 (Tex. 1997) (stating that a carrier asserts a claim belonging to the employee whether it sues in its own name or the employee's name and whether it seeks only the amount of benefits paid to the employee or more). 
 There is a split of authority as to the fate of the insurance carrier when the lawsuit of the employee against a third party is dismissed. Some courts hold that when an employee's cause of action is defeated, that of the carrier is defeated as well. See Smith v. Babcock & Wilcox Constr. Co., 915 S.W.2d 22, 27 (Tex. App. - Austin 1994), rev'd, 913 S.W.2d 467 (Tex. 1995) (dismissing insurance carrier's cause of action when the employee's cause of action was dismissed for want of prosecution); Phennel v. Roach, 789 S.W.2d 612, 615 (Tex. App. - Dallas 1990, writ denied) (when the employee's pleadings were struck as a sanction, the claim of the insurance carrier was also defeated); Houston v. Twin City Fire Ins. Co., 578 S.W.2d 806, 808 (Tex. Civ. App. - Houston [1st Dist.] 1979, writ ref'd n.r.e.) (failing to comply with the notice requirement for an employee's claim against the City resulted in the insurer's subrogation suit suffering the same fate). 
 Other authority holds that once compensation benefits have been paid, the right of the insurance carrier overrides that of the employee. Hartford Cas. Ins. Co. v. Albertsons Grocery Stores, 931 S.W.2d 729, 734 (Tex. App. - Fort Worth 1996, no writ); Tex. Council Risk Mgmt. Fund v. Caswell, No. 03-06-00480-CV, 2007 Tex. App. Lexis 3858, at *5 (Tex. App. - Austin May 18, 2007, no pet.) (mem. op.); see also Herrera v. Wembley Inv. Co., 12 S.W.3d 83, 89 (Tex. App. - Dallas 1998), rev'd on other grounds, 11 S.W.3d 924 (Tex. 1999) (stating that dismissal of an insured's part of a cause of action does not necessarily dismiss the insurer's part); In re Romero, 956 S.W.2d 659, 662 (Tex. App. - San Antonio 1997, orig. proceeding) (dismissing the insured's claim did not dismiss the insurer's claim); MacArangal v. Andrews, 838 S.W.2d 632, 635-36 (Tex. App. - Dallas 1992, no writ) (dismissing case for want of prosecution did not affect the intervening insurer because the dismissal did not specifically mention it). In its opposition to these authorities, Ponderosa relies on the rule that the insurance carrier is subject to the same defenses which may defeat a cause of action as the injured party. See Guillot v. Hix, 838 S.W.2d at 232. However, Pierson's dismissal did not involve any defense asserted by Ponderosa but was a voluntary action on Pierson's part. 
 In agreeing with those courts' holdings that a dismissal of the employee's claims does not necessarily require dismissal of the carrier's claims, we note the purpose of the statute as already discussed and the rule that a party may not dismiss his lawsuit to the prejudice of another party. Tex. R. Civ. P. 163; Employers Cas. Co. v. Henager, 852 S.W.2d 655, 660 (Tex. App. - Dallas 1993, writ denied). We are also mindful of the right of the insurer to bring a lawsuit in its own name. See Tex. Mut. Ins. Co. v. Ledbetter, 251 S.W.3d 31, 36 (Tex. 2008) (stating that when a subrogee's interest has been adequately represented and then suddenly abandoned by someone else, it can intervene even after judgment or on appeal, so long as there is neither unnecessary delay nor prejudice to the existing parties), and the prior recognition by this court that the injured party's cause of action is subject to the carrier's right of reimbursement. Employers Cas. Co. v. Dyess, 957 S.W.2d 884, 886 (Tex. App. - Amarillo 1997, pet. denied); see also Prudential Prop. & Cas. Co., v. Dow Chevrolet-Olds., Inc., 10 S.W.3d at 104 (noting that the trial court could dismiss the claims that the insurer, Prudential, asserted on behalf of the insureds, for which Prudential was not entitled to recover as a subrogee, but the trial court erred in dismissing Prudential's subrogation claims for the failure of the insureds to appear at their depositions). 
But most importantly, to hold otherwise would be to ignore several long established rules of subrogation. These rules become pertinent when, as here, the subrogee (i.e. the City of Lubbock) made payment, and the tortfeasor (i.e. Ponderosa) knew of the subrogee's claim before compromising the claim with the subrogor (i.e. Pierson). 
Payment from a subrogee effectuates a transfer of interest in the cause of action to the subrogee. See Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex. 2007) (stating that under either type of subrogation (contractual or equitable) the insurer stands in the shoes of the insured obtaining only those rights held by the insured against a third party, subject to any defenses held by the third party against the insured); see also International Ins. Co. v. Medical-Professional Bldg., 405 S.W.2d 867, 869 (Tex. Civ. App. - Corpus Christi 1966, writ ref'd n.r.e.) (involving an insurance relationship and stating that the fact of payment of the loss operates as an equitable transfer of the claim). When that occurs, the subrogee assumes the status as the "real party in interest" while the subrogor's interest becomes nominal. In re CVA Gen. Contrs., Inc., 267 B.R. 773, 781-82 (Bankr. W.D. Tex. 2001). Next, if (1) the subrogor enters into a settlement with and gives a release to the wrongdoer after such payment, (2) while the tortfeasor knows of the subrogee's rights of subrogation, and (3) the subrogee is not party to the settlement, then settlement does not bar the subrogee from enforcing its subrogation right. International Ins. Co. v. Medical-Professional Bldg., 405 S.W.2d at 869. In other words, once the subrogee's rights become fixed via payment, a change in the subrogor's ability to pursue a cause of action does not affect the subrogee's ability. Rushing v. International Aviation Underwriters Inc., 604 S.W.2d 239, 241-42 (Tex. Civ. App. - Dallas 1980, writ ref'd n.r.e.); In re CVA Gen. Contrs., Inc., 267 B.R. at 782. So, it does not matter that Pierson may have compromised whatever remaining claim he had against Ponderosa and dismissed his portion of the suit with prejudice. The City had compensated Pierson to some extent before then and, therefore, owned at least a part of the cause of action. Pierson also knew of the City's status as a subrogee before the non-suit. Consequently, the actions of Pierson, whether or not induced by Ponderosa, did not, and do not, bar the City from continuing its recovery efforts against the purported tortfeasor. 
 Accordingly, we reverse the trial court's order dismissing the City's claims, and remand for further proceedings.
 
 Brian Quinn 
 Chief Justice