

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00838-CV

**IN RE** Marguerite **BALAZS**

Original Mandamus Proceedings[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On November 27, 2013, relator Marguerite Balazs filed a petition for writ of mandamus complaining the probate court erred in denying her motion to vacate an order that was signed after the court lost plenary power. The probate court had entered an order on February 8, 2013, appointing a guardian of the person and dismissing the underlying litigation. This order was final, enforceable, and appealable. The complained of order was signed March 12, 2013, after the probate court's plenary power had expired. *See* TEX. R. CIV. P. 329b(d). We conclude the probate court erred in denying the motion to vacate that void order. *See* TEX. R. CIV. P. 329b(f). Therefore, we conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 2011-PC-4742, styled *In the Guardianship of Alice Marie Svensen Balazs, An Incapacitated Person*, pending in the Probate Court No. 2, Bexar County, Texas, the Honorable Tom Rickhoff presiding.

**BACKGROUND**

The underlying proceeding involves the guardianship of Alice Marie Svensen Balazs. Three of Alice's children, relator's siblings, filed a joint application for guardianship of the person and estate of their mother in December 2011. Relator filed her own application for guardianship in January 2012. Initially, relator and her siblings did not agree on several aspects of the proposed guardianship. Eventually, however, Alice's children came to an agreement to create a limited guardianship of the person of Alice with relator appointed as guardian of the person of Alice.

At a February 2013 contested hearing on a motion to enter order, at the trial court's direction, the parties conferred and finalized the terms of their agreement in the form of a type-written "Order Approving Settlement, Dismissing Litigation and Appointing Limited Guardian of the Person." In this February Order, relator was ordered to perform specified tasks, including providing her siblings with information regarding Alice's financial accounts and on-going medical condition. The February Order, which contains numerous hand-written changes, reflects that relator was appointed the limited guardian of Alice's person with a bond set at $11,000.00, "all issues in dispute have been resolved" and "all litigation" was dismissed without prejudice. Counsel for relator, counsel for the siblings, and Alice's attorney ad litem each signed the February Order and approved it as to its "form and substance." The judge signed and filed the February Order the same day, February 8, 2013, acknowledging that it was the order of the court, but suggesting that the parties bring him a "clean" copy incorporating the parties' hand-written changes.

More than thirty days later, on March 12, 2013, a second order, also entitled "Order Approving Settlement, Dismissing Litigation and Appointing Limited Guardian of the Person" was presented to and signed by the judge. The March Order reflects that it was also approved by all counsel "as to form and substance," despite the fact that it contains substantive differences from the original February Order. Specifically, the March Order contains two references to relator as

guardian of the person **and estate** of Alice that were not present in the February Order. The parties disagree as to whether all of the changes requested by counsel during circulation of the March Order were included in the version eventually signed by the judge.

In October 2013, after a motion to remove relator as guardian was filed, relator filed a motion for judgment nunc pro tunc and a motion to vacate the March Order. The motion for judgment nunc pro tunc sought to correct the substantive differences between the two orders believed to be the result of "typographical error," namely the references in the March Order to relator as guardian of the estate of her mother. In the motion to vacate, relator asserted that the March Order was void because it modified the terms of the February Order and was signed after the probate court's plenary power had expired. The court denied both motions and this mandamus followed.

## ANALYSIS

Mandamus will issue only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus is appropriate where a trial court has issued an order after the expiration of its plenary power because such orders are void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68-69 (Tex. 2008) (orig. proceeding) (citing *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal. *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Mask*, 198 S.W.3d 231, 233-34 (Tex. App.—San Antonio 2006, orig. proceeding).

Whether a trial court retains plenary power over an order depends upon whether the order is interlocutory or final. *See, e.g., Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex. 1993); *In re Romero*, 956 S.W.2d 659, 660 (Tex. App.—San Antonio 1997, orig. proceeding). A trial court retains the power to set aside interlocutory orders at any time before a final judgment is entered.

*Fruehauf*, 848 S.W.2d at 84. The probate court's February Order appointed a guardian of the person with a bond set at $11,000.00, included the court's determination that "all issues in dispute have been resolved," and dismissed "all litigation" without prejudice. We conclude that such an order is a final and appealable order. *See* TEX. EST. CODE ANN. § 32.001(c) (West 2013)[2]; *DeAyala v. Mackie*, 193 S.W.3d 575, 578-79 (Tex. 2006); *Ajudani v. Walker*, 232 S.W.3d 219, 223 (Tex. App.—Houston [1st Dist.] 2007, no pet.). It appears from the record that the parties and the court intended for relator to be appointed as limited guardian of the person for Alice when the February Order was entered. The February Order did not appoint a guardian of the estate of Alice Marie Svensen Balazs and any request for the appointment of a guardian of the estate was dismissed by the February Order stating "all litigation" is dismissed without prejudice.

Under the rules of civil procedure, the probate court had plenary power to modify, correct or reform the February Order within thirty days after it was signed. TEX. R. CIV. P. 329b(d). The probate court would also have had authority to correct a clerical error in the recording of its judgment at any time. TEX. R. CIV. P. 329b(f). We believe the differences between the February and March Orders were substantive in nature. The powers and duties of a guardian of the person differ significantly from the powers and duties of a guardian of the estate. *Compare* TEX. EST. CODE ANN. § 1151.051 (West 2013) (addressing guardians of the person) *with* TEX. EST. CODE ANN. § 1151.101 (West 2013) (addressing guardians of the estate).[3]

The record does not reflect that the substantive changes appearing in the March Order were intentionally included to correct a clerical or "typographical" error in the recording of the court's

---

[2] Effective January 1, 2014, the Texas Probate Code was repealed and recodified in the Texas Estates Code. *See* Acts 2009, 81st Leg., R.S., ch. 680; Acts 2011, 82nd Leg., R.S., ch. 823 (H.B. 2759); Acts 2013, 83rd Leg., R.S., ch. 982 (H.B. 2080). The new codification is "without substantive change," and its purpose is to make the law "more accessible and understandable." *See* TEX. EST. CODE ANN. § 21.001 (West 2013). Former Probate Code section 605 is now codified in section 23.001 of the Texas Estates Code.

[3] Former Probate Code section 767 is now codified in section 1151.051 of the Texas Estates Code. Former Probate Code section 768 is now codified in section 1151.101 of the Texas Estates Code.

February Order. On the contrary, the record reflects that the February Order, though cluttered and difficult to read, reflected the agreement and intentions of the parties and became the order of the court. Therefore, the probate court was without authority to substantively modify the terms of the February Order after it became final. Because it was signed after the probate court lost plenary power, the March Order is void. Because the March Order is void, the court erred in not vacating it. *See* TEX. R. CIV. P. 329b(f).[4]

## CONCLUSION

Based on the foregoing analysis, we hold the probate court erred in failing to vacate the March Order on relator's motion. Accordingly, we conditionally grant the petition for writ of mandamus and direct the probate court to sign an order vacating its March 12, 2013 order. *See* TEX. R. CIV. P. 329b(f). The writ will issue only if the court fails to comply within ten days from the date of this court's order.

Sandee Bryan Marion, Justice

---

[4] Because we conclude that the March 2013 order is void, relator's alternative request that the trial court be directed to grant her amended motion for judgment nunc pro tunc is moot.