**LINCOLN PROPERTY COMPANY, Lincoln Eastern Management Corporation, as General Partner of EQR Lincoln, Ltd., Appellants,**

v.

**Carol KONDOS, Carol Chapman Kondos, P.C. d/b/a Kondos & Kondos, all individually and on behalf of all others similarly situated, Appellees.**

No. 05–01–01228–CV.

Court of Appeals of Texas, Dallas.

July 22, 2003.

Debra Janece McComas, Dallas, for Appellants.

Keith M. Jensen, Law Office of Keith M. Jensen, P.C., John W. MacPete, MacPete Law Firm, Fort Worth, for Appellees.

Before Justices MOSELEY, BRIDGES, and LAGARDE.[1]

---

1. The Honorable Sue Lagarde, Justice, Court of Appeals, Fifth District of Texas at Dallas,

**OPINION**

Opinion By Justice MOSELEY.

This case is an interlocutory appeal of an order granting class certification. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3) (Vernon Supp.2003). However, while the interlocutory appeal was pending and despite the express statutory provision that such an appeal "shall have the effect of staying the commencement of a trial in the trial court pending resolution of the appeal," *see id.* § 51.014(b), the parties filed and scheduled a hearing on, and the trial court heard and decided, motions for summary judgment on the underlying case. The trial court subsequently entered a final judgment disposing of the underlying case on the merits, based on the summary judgments. As a result of this unusual procedural history, we dismiss this appeal as moot.

Prior to August 1979, a party could not immediately appeal a Texas trial court's interlocutory order that certified or refused to certify a suit as a class action. *See* Ernest F. Figari, Jr., *Texas Civil Procedure,* 34 Sw. L.J., 415, 445 (1980). However, to prevent a "waste of 'lawyer effort, client money, and judicial time' involved when a class action determination is found to be erroneous on appeal and a retrial of the case is therefore necessary," the Texas Legislature provided a right to an interlocutory appeal of a trial court's order dealing with class certification. *Id.* at 445 n. 311 (quoting Michol O'Connor, *Legislative Program: Amendment to Article 2250,* 42 TEX. B.J. 23, 23 (1979)); *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(3). To fully accomplish this legislative purpose, the Legislature additionally provided that such an appeal, if taken, "shall have the effect of

Retired, sitting by assignment.

staying the commencement of a trial in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b).

Appellees (collectively "Kondos")[2] filed suit alleging appellants (collectively "Lincoln")[3] violated the Telephone Consumer Protection Act ("TCPA") and requested that the suit be certified as a class action. The court granted class certification. As permitted by the statute, Lincoln appealed the trial court's class certification order, asserting the court abused its discretion by granting appellees' motion for class certification. *See id.* § 51.014(a)(3). The appeal was handled on an accelerated basis, *see* TEX.R.APP. P. 28.1, and set for oral argument as requested by the parties. However, before the case was argued on appeal, both parties moved for summary judgment before the trial court.[4] Further, and despite the automatic staying effect of the interlocutory appeal, the trial court proceeded to hear and decide the motions for summary judgment, and granted summary judgment for Lincoln. After all non-TCPA claims had either been severed or non-suited, the trial court signed a final judgment on January 18, 2002. In a separate appeal, Kondos complains the trial court erred by granting summary judgment in favor of Lincoln.[5]

A summary judgment hearing is considered a "trial" within the meaning of Texas Rule of Civil Procedure 63, which provides that amended pleadings offered within seven days of the date of trial shall be filed only after obtaining leave of the court. *See Rose v. Kober Fin. Corp.*, 874 S.W.2d 358, 361 (Tex.App.-Houston [14th Dist.] 1994, no writ); *Hubert v. Ill. State Assistance Com'n*, 867 S.W.2d 160, 162 n. 1 (Tex.App.-Houston [14th Dist.] 1993, no writ). Similarly, we consider it almost axiomatic that conducting a summary judgment hearing, and/or entering a final judgment based in whole or part on an order granting a motion for summary judgment, is a "trial" within the meaning of section 51.014(b) and is thus subject to the automatic stay that arises from filing a notice of appeal of an order certifying or refusing to certify a class of litigants. The principles underpinning the legislative intent expressed in connection with sections 51.014(a)(3) and 51.014(b) apply equally to traditional trials and summary judgments alike.

Further, the opposite conclusion would mean a trial court could decide a summary judgment motion, and perhaps enter a final judgment based on that determination, before the judicial system determines the identity of the parties who are to be bound by the result of that litigation. This would permit, if not require, the parties and the court to expend the very "lawyer effort,

**2.** Michael W. Shore and Shore & Fineberg, L.L.P. were the original plaintiffs in this suit. However, after this suit was filed, Kondos were added as plaintiffs. On April 10, 2001, the trial court signed an order nonsuiting the claims of Michael W. Shore and Shore & Fineberg, L.L.P.; thus, Michael W. Shore and Shore & Fineberg, L.L.P. are not parties in either of the appeals brought before this Court.

**3.** American Blast Fax, Inc., one of the defendants in this case, did not file an answer and is also not a party in either of the appeals brought before this Court.

**4.** Both sides submitted motions for summary judgment prior to the trial court certifying the class in this case. However, after the trial court issued its order certifying a class and after Lincoln filed its notice of appeal, both sides filed second motions for summary judgment.

**5.** *See Kondos v. Lincoln Prop. Co.*, 110 S.W.3d 716, 2003 WL 21693708 (Tex.App.-Dallas July 22, 2003, no pet. h.).

client money, and judicial time" the Legislature sought to conserve by enacting section 51.014(b). Even if the merits of the case are subject to speedy resolution through the summary judgment process, thus "saving" judicial resources, such savings may well prove chimerical as the courts have to wrestle with the res judicata effects of the trial court's ruling on the merits. Such an expenditure of judicial resources may be necessary regardless of the trial court's rulings on the class issue or the merits.

■ This Court has the power to order a trial court to stay commencement of a trial or a summary judgment hearing. *Cf.* TEX.R.APP. P. 24.1 ("When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal...."); *Waite v. Waite*, 76 S.W.3d 222, 223 (Tex. App.-Houston [14th Dist.] 2002, no pet.) (per curiam) (appellate court may order stay of trial while interlocutory appeal of order appointing receiver is pending); *Teran v. Valdez*, 929 S.W.2d 37, 38 (Tex.App.-Corpus Christi 1996, no writ) (appellate court may stay trial while interlocutory appeal on issue of governmental immunity is pending); *see also Sheinfeld, Maley & Kay, P.C. v. Bellush*, 61 S.W.3d 437, 439 (Tex.App.-San Antonio 2001, no pet.) (trial court has no discretion to commence "trial" while interlocutory appeal of class certification order is pending). Here, neither party requested a stay from this Court. Moreover, both parties sought to commence the "trial" below by filing and/or arguing motions for summary judgment while this appeal was pending.

■ Courts are limited by the mootness doctrine to deciding only cases in which an actual controversy exists. *In re Salgado*, 53 S.W.3d 752, 757 (Tex.App.-El Paso 2001, orig. proceeding) (citing *Fed. Deposit*

*Ins. Corp. v. Nueces County*, 886 S.W.2d 766, 767 (Tex.1994)). "When there has ceased to be a controversy between the litigating parties due to events occurring after judgment has been rendered by the trial court, the decision of an appellate court would be a mere academic exercise and the [appellate] court may not decide the appeal." *Id.* "Stated another way, if the [appellate court's] judgment cannot have a practical effect on an existing controversy, the case is moot." *Id.; see also VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex.1993) (appeal is moot when court's action on merits cannot affect rights of parties).

■ Any interlocutory class certification orders merge into the final judgment in this case. *See In re Romero*, 956 S.W.2d 659, 660 (Tex.App.-San Antonio 1997, orig. proceeding). Absent a motion for new trial, a trial court loses its plenary power to reconsider its final judgment, including any interlocutory certification orders merged into the final judgment, thirty days after the final judgment is signed. *See Fruehauf Corp. v. Carrillo*, 848 S.W.2d 83, 84 (Tex.1993) (per curiam). If a motion for new trial is filed, the trial court loses its plenary power thirty days after the date the motion for new trial is denied either by a signed order or by operation of law. *In re Romero*, 956 S.W.2d at 660. Thus, for some time now the trial court has had no plenary power to reconsider its final "interlocutory" judgment and its interlocutory class certification order. And the trial court will not regain plenary jurisdiction over the case unless the other appeal of this case (i.e., the appeal of the final judgment) results in a remand to the trial court.

■ By rendering a final judgment during this appeal, the trial court also rendered itself powerless to reconsider its class certification ruling were we to conclude here the ruling was entered in error.

As a result, any decision made in this appeal would not affect the rights of the parties. Further if our conclusion were the opposite—that the trial court properly certified the class—then the rights of the parties would nevertheless be subject to the disposition of the appeal concerning the final judgment. We decline to decide the issues piecemeal through two appeals involving the same case. Consequently, we conclude that, by rendering a final judgment, the trial court rendered the interlocutory appeal of the class certification order moot. *See Richards v. Mena,* 820 S.W.2d 372, 372 (Tex.1991) (final injunction moots appeal of temporary injunction); *Isuani v. Manske–Sheffield Radiology Group, P.A.,* 802 S.W.2d 235, 236 (Tex. 1991) (per curiam) (entry of final judgment renders moot accelerated appeal); *Alameda Corp. v. TransAmerican Nat. Gas Corp.,* 950 S.W.2d 93, 99 (Tex.App.-Houston [14th Dist.] 1997, writ denied). Therefore, we dismiss the appeal for want of jurisdiction.