# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00439-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Alan W. Alexander, Billy Davis, Joseph Randy Dillard, Ruben Duran, Kenney Foster, Maria G. Garza, Gregory Haire, Bobby Harper, Eduardo Jimenez, Dennis D. Land, Danny Lewis, William D. Lord, James S. Lucas, Gary P. McCully, Robert E. Ralls, and Jerry Schwab, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT NO. GN202911, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant, the Texas Department of Public Safety, filed this interlocutory appeal from the trial court's denial of its plea to the jurisdiction. While this appeal was pending, the trial court rendered a final judgment on the merits of the case. Appellees filed a motion to dismiss, arguing that the entry of the final judgment appeal renders the interlocutory appeal moot. Appellant opposes the motion to dismiss, asserting that the issues related to its plea to the jurisdiction are not moot.

The policy behind allowing interlocutory appeals from orders denying pleas to the jurisdiction is to spare the State from expending resources in trying the merits of a case when it is immune from suit. *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see City of Austin v. L.S. Ranch*, *Ltd.*, 970 S.W.2d 750, 752-53 (Tex.

App.—Austin 1998, no pet.) ("The high cost of defending a suit against a governmental entity, borne ultimately by the public, is strong motivation for allowing *any* jurisdictional issue to be resolved before the merits of the suit are litigated."). In this case, we believe that the interlocutory appeal is procedurally moot and should be dismissed. In reaching this decision, the opinion of the Dallas Court of Appeals in *Lincoln Property Co. v. Kondos* is instructive. 110 S.W.3d 712 (Tex. App.—Dallas 2003, no pet.). In *Lincoln Property*, the court was faced with an "unusual procedural history" rather similar to the one before us now. *Id*. at 713. Lincoln Property filed an interlocutory appeal from an order granting class certification, but while the appeal was pending, the parties arranged for and participated in a hearing after which a final summary judgment was entered, determining the merits of the case. *Id*. The court of appeals observed that a case is moot when it would have no practical effect on an existing controversy and noted that "[a]ny interlocutory class certification orders merge into the final judgment." *Id*. at 715. The court concluded that "any decision made in this appeal would not affect the rights of the parties," and "decline[d] to decide the issues piecemeal through two appeals involving the same case." *Id*. at 716. The court held that the final judgment rendered the interlocutory appeal moot and dismissed the case for want of jurisdiction. *Id*.

In this case, we are presented with a similar situation. Although the issues related to the denial of the plea to the jurisdiction may not be moot, the purpose of an interlocutory appeal has been mooted by the final judgment. *See id*.; *Gray*, 93 S.W.3d at 592. We will therefore dismiss this interlocutory appeal as moot.

2

However, if the plea to the jurisdiction was improperly denied, the merits of the case should not have been reached. Therefore, the issue of the denial of the plea to the jurisdiction is not moot. Those issues, then, may be raised by appellant in its appeal from the final judgment and, if raised, will be addressed by this Court. Upon either parties' request, any documents and records filed in the interlocutory appeal will be transferred from this cause number to the appeal from the final judgment, thus sparing the parties the need to request and file duplicate copies. We dismiss the pending motion to take judicial notice that was being carried to the merits.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Dismissed as Moot

Filed: April 14, 2005