COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ANTONIO VARGAS and VISTA HILLS
HEALTH CARE CENTER, L.P.,

                            Appellants,

v.


MARIA LOURDES CHAVEZ, By and
Through Her Agent Under Power Of
Attorney, JESSICA CHAVEZ,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00139-CV

Appeal from the

448th Judicial District Court

of El Paso County, Texas 

(TC# 2008-144) 





O P I N I O N

            Appellants’ Antonio Vargas and Vista Hills Health Care Center appeal the trial court’s
denial of their motion to dismiss for failure to file a medical expert report. Because we conclude
the case was rendered moot by Appellee’s motion for non-suit, we will reverse the trial court’s
order and dismiss the case.
            Appellee, Jessica Chavez, filed the underlying lawsuit on January 11, 2008, alleging the
negligence of Antonio Vargas, and his employer, Vista Hills Health Care Center, caused her
mother to be seriously injured. Appellants generally denied Ms. Chavez’s claims. On June 20,
2008, Appellants jointly filed a motion to dismiss the case pursuant to Chapter 74 of the Texas
Civil Practice and Remedies Code on the basis that Ms. Chavez failed to timely file a medical
expert report.
            On July 1, 2008, Ms. Chavez filed a “Motion to Dismiss” in which she represented to the
court that she no longer wished to proceed against Appellants, and requesting the court dismiss
the cause of action without prejudice. Thereafter, on October 9, 2008, Ms. Chavez filed an
amended original petition under the original cause number, asserting the same negligence cause
against Appellants. Appellants responded by filing a motion to strike the amended pleading in
light of Ms. Chavez’s motion to dismiss, and her failure to file a medical expert report. The trial
court entered an order denying Appellants’ motions on April 14, 2009. Appellants’ timely filed
their notice of interlocutory appeal pursuant to Texas Civil Practice and Remedies Code Section
51.014(a)(9).
            Appellants raise three issues for our review. Issues One and Two address the trial court’s
ruling on Appellants’ Chapter 74 motion to dismiss. Alternatively, in Issue Three, Appellants
characterize Ms. Chavez’s motion to dismiss as a non-suit, and contend the non-suit rendered any
case and controversy which existed between the parties moot. Because it is dispositive of the
appeal, we will begin our review with Issue Three.
            In Issue Three, Appellants argue Ms. Chavez’s Motion to Dismiss constituted a motion
for non-suit, rendering her subsequent filings and cause of action moot. Ms. Chavez argues the
non-suit was ineffective because she abandoned the motion prior to sending notice to the
opposing parties, and prior to the trial court entering an order on the motion.
            In Texas, parties have an absolute right to non-suit their own claims for relief at any time
during the litigation until they have introduced all evidence other than rebuttal evidence at trial. 
Tex.R.Civ.P. 162; Villafani v. Trejo, 251 S.W.3d 466, 468-69 (Tex. 2008). The purpose of a
non-suit is to dismiss a party’s claims, thereby extinguishing the movant’s case against the non-movants. See University of Texas Med. Branch at Galveston v. Estate of Blackmon, 195 S.W.3d
98, 100 (Tex. 2006)(per curiam). A non-suit is effective from the moment the motion is filed, or
an oral motion is made in open court. Id. The granting of the motion is a ministerial act, and
does not alter the effectiveness of the motion at, “the moment a written motion is filed or an oral
motion is made in open court . . . .” Greenberg v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982)
(per curiam). Only pleadings filed by the non-movant prior to the non-suit survive the effect of
the motion. See Trejo, 251 S.W.3d at 468-69; Progressive Ins. Co. v. Hartman, 788 S.W.2d 424,
426 (Tex.App.--Dallas 1990, no pet.).
            Ms. Chavez does not dispute the fact that she filed a non-suit dismissing her claims
against Appellants. Instead, she argues in part that her non-suit was not effective because she
“abandoned” it before she could notify the other parties in accordance with the rules of civil
procedure. Texas Rules of Civil Procedure 162 requires a non-suiting movant to notify any party
that has answered, or has been served with process, in accordance with the requirements of Rule
21a. Tex.R.Civ.P. 162. However, the Rule does not indicate that the movant’s right to non-suit
is dependant on the required notice. See Tex.R.Civ.P. 162; Novosad v. Cunningham, 38 S.W.3d
767, 772 (Tex.App.--Houston [14th Dist.] 2001, no pet.). By the same token, the Rule does not
indicate that the time the non-suit becomes effective depends on whether, or when, the other
parties receive notice pursuant to Rule 162. See Tex.R.Civ.P. 162; Orion Inv., Inc. v. Dunaway
and Assoc., Inc., 760 S.W.2d 371, 374 (Tex.App.--Fort Worth 1988, writ denied). We conclude
therefore, that the effect of Ms. Chavez’s non-suit was unaltered by her failure to comply with
the notice requirements.
            In her second argument, Ms. Chavez concludes that the non-suit was ineffective because
she filed her amended petition before the trial court entered an order dismissing her claims
against Appellants. She cites no case-law for the proposition that a non-suited case can be re-invigorated by the movant’s decision to “abandon” the non-suit and file a subsequent pleading
against the non-suited parties. We have been unable to locate such precedent.
            As we noted above, a non-suit is effective from the moment the motion is filed; and the
granting of the motion is a ministerial act which does not alter the effectiveness of the motion. 
See Brookshire, 640 S.W.2d at 872. As such, Ms. Chavez’s claims against Appellants ceased to
exist at the time she filed her non-suit. Whether or not the trial court complied with its
ministerial duty to enter an order dismissing the claims did not change the effect of the non-suit,
which was to extinguish Ms. Chavez’s claims against Appellants. See Brookshire, 640 S.W.2d at
872. We are therefore unpersuaded by Ms. Chavez’s second argument, and we sustain Issue
Three.
            Having sustained Issue Three, it is not necessary to address the merits of Appellants’
motion to dismiss as presented in Issues One and Two. Those issues are overruled as moot. 
Still, given the disposition of Issue Three, we must still determine how to properly dispose of the
appeal. As a general matter, a court has no subject matter jurisdiction to consider a case in which
no actual case or controversy exists between the parties. See Lincoln Prop. Co. v. Kondos, 110
S.W.3d 712, 715 (Tex.App.--Dallas 2003, no pet.). However, as the Texas Supreme Court has
recently recognized, in cases where a previously live controversy is extinguished by a non-suit,
the court retains “limited authority to dispose of the case.” Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 865 (Tex. 2010). This limited jurisdiction includes the power to consider a
defendant’s motion for certain types of sanctions. See Joachim, 315 S.W.3d at 864, citing Scott
& White Mem’l Hosp. v. Schexnider, 940 S.W.2d 594, 596 (Tex. 1996)(per curiam)(holding that
the trial court’s authority to consider a defendant’s motion for sanctions under Texas Rules of
Civil Procedure 13 survived plaintiff’s non-suit). In this case, there is no record of such a
sanctions motion in this case, and the parties do not argue that any such claims survived the non-suit.


 Accordingly, there was no controversy remaining between the parties, and the case should
have been dismissed. See Kondos, 110 S.W.3d at 715.
            Having sustained Issue Three, we reverse the trial court’s order denying Appellants’
motion to dismiss and render judgment dismissing the case without prejudice.


October 20, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.