TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Genaro FLORES, Appellee.

No. 08–16–00049–CV

Court of Appeals of Texas, El Paso.

March 8, 2017

John P. Mobbs, Attorney at Law, El Paso, TX, for Appellee.

Amy K. Owens, Office of the Attorney General, Austin, TX, for Appellant.

Before McClure, C.J., Rodriguez, and Hughes, JJ.

## OPINION

ANN CRAWFORD McCLURE, Chief Justice

The Texas Department of Transportation is appealing from an order denying its plea to the jurisdiction. The case proceeded to trial during the pendency of this appeal, and a final judgment has been entered in favor of Flores. Appellee, Genaro Flores, has filed a motion to dismiss the appeal as moot. TXDOT does not oppose the dismissal because it has filed a notice of appeal from the final judgment.[1] We grant the motion and dismiss the appeal.

A trial court's rendition of a final judgment can cause an appeal from an interlocutory order to become moot. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) ("Appeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders."). Further, interlocutory orders entered by the court are merged into the final judgment. *See Parking Company of America v. Wilson*, 58 S.W.3d 742, 742 (Tex. 2001); *Azbill v.* *Dallas County Child Protective Services*, 860 S.W.2d 133, 137 (Tex.App.–Dallas 1993, no writ). Thus, the interlocutory order denying TXDOT's plea to the jurisdiction is merged into the final judgment entered by the trial court on February 15, 2017. Our review in the interlocutory appeal is necessarily restricted to the order denying TXDOT's plea to the jurisdiction, and it does not encompass or extend to the final judgment. In other words, our decision in the interlocutory appeal could not have a practical effect on the final judgment. TXDOT must appeal the final judgment in order to challenge the denial of its plea to the jurisdiction. Consequently, we conclude that the interlocutory appeal has become moot. *See Texas Department of Public Safety v. Alexander*, No. 03–04–00439–CV (Tex.App.–Austin April 14, 2005, no pet.)(dismissing interlocutory appeal from order denying plea to the jurisdiction as moot where trial court had entered final summary judgment);[2] *Lincoln Property Company v. Kondos*, 110 S.W.3d 712, 715–16 (Tex.App.–Dallas 2003, no pet.)(finding that appeal of interlocutory order granting class certification became moot following entry of a final summary judgment because the order was merged into the final judgment and any decision made in the interlocutory appeal could not have a practical effect on the rights of the parties). We grant Flores's motion and dismiss the appeal. Upon the request of either party, we will transfer the appellate record filed in this appeal to the new appeal.

Hughes, J., not participating

---

1. The new appeal is styled *Texas Department of Transportation v. Flores* and numbered 08–17–00047–CV.

2. The opinion is unavailable on Westlaw, but it can be viewed on the Third Court of Appeals' website.