# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00575-CV

Scott Law Ortho Corp. P.C.; and Julio De La Fuente, DDS, Appellants

v.

Robert A. Marshall, Appellee

---

FROM THE 425TH JUDICIAL DISTRICT COURT OF WILLIAMSON COUNTY
NO. 18-1561-C425, THE HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellee Robert A. Marshall sued appellants Scott Law Ortho Corp. P.C. and Julio De La Fuente, DDS, for injuries he claims to have sustained as a result of dental work that appellants performed on him. Appellants filed a motion to dismiss under section 74.351 of the Health Care Liability Act. *See* Tex. Civ. Prac. & Rem. Code § 74.351(b) (requiring trial court to dismiss with prejudice claim against provider if plaintiff fails to serve expert report within specified period and award health-care provider its attorney's fees and courts costs). The trial court denied appellants' motion to dismiss, and appellants perfected this interlocutory appeal. *See id.* § 51.014(a)(9) (authorizing interlocutory appeal of order that "denies all or part of the relief sought by a motion under Section 74.351(b)").

While this cause was pending before this Court, the trial court rendered a final judgment granting appellants' motion to dismiss, and appellee perfected an appeal from that judgment. Appellants have filed a notice of cross-appeal of the final judgment in that cause.

We sent appellants a letter advising that the interlocutory appeal appeared to be moot given the final judgment. *See Texas Dep't of Public Safety v. Alexander*, No. 03-04-00439-CV, 2005 WL 8147253, at \*1 (Tex. App.—Austin Apr. 14, 2005, no pet.) (mem. op.) (determining that interlocutory appeal from order denying plea to jurisdiction was mooted by final judgment on merits); *Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 713 (Tex. App.—Dallas 2003, no pet.) (determining that interlocutory appeal from order granting class certification was mooted by final summary judgment on merits). We further advised that this interlocutory appeal could be dismissed unless within ten days appellants demonstrated grounds for continuing the appeal. Appellants filed a letter brief urging the Court to consolidate this appeal with the appeal from the final judgment rather than dismiss it as moot because the issue of whether they are entitled to recover attorney's fees and costs associated with the interlocutory order is not moot.

While the issue of attorney's fees and costs related to the denial of appellants' motion to dismiss is not moot, the purpose of the interlocutory appeal has been mooted by the final judgment. *See Alexander*, 2005 WL 8147253, at \*1. We therefore conclude that the interlocutory appeal is moot because the appealed interlocutory order merged into the final judgment. *See City of Lancaster v. White Rock Commercial, LLC*, No. 05-16-00842-CV, 2017 WL 2875520, at \*1 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op.). Appellants may raise the issue of attorney's fees and costs related to the denial of their motion to dismiss in their cross-appeal from the final judgment. Accordingly, we dismiss this appeal as moot. As to appellants' request that the documents and records filed in the interlocutory appeal be transferred from this appeal to the appeal from the final judgment, we grant the request. We instruct the clerk of this Court to transfer the records in this cause to the appeal in cause number 03-19-00757-CV.

2

 

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed as Moot

Filed:   December 6, 2019