# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-20-00396-CV

---

**Shattuck LLC, Appellant**

**v.**

**Mary Kleypas, as Independent Executor and as Beneficiary of the Estate of
Gregory K. Shattuck, Deceased, Appellee**

---

**FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY,
NO. C-1-PB-20-001014, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant, Shattuck LLC, filed this interlocutory appeal from the trial court's denial of its motion to compel arbitration. While this appeal was pending, the trial court granted summary judgment and signed a final judgment on the merits of the case. Appellee Mary Kleypas, in her capacity as Independent Executor of the Estate of Gregory K. Shattuck, and in her capacity as beneficiary of the Estate, filed a motion to dismiss, arguing that the entry of final judgment during an interlocutory appeal renders the interlocutory appeal moot. Shattuck LLC opposes the motion to dismiss, asserting that the issue raised in its appeal—whether the trial court or the arbitrator had jurisdiction to rule upon the legal issues adjudicated in the summary judgment—is not moot. In addition, Shattuck LLC informs the Court that it intends to appeal the

summary judgment and file a motion to consolidate that appeal with this one, and it requests abatement of this interlocutory appeal until that time.

The trial court signed the final judgment granting summary judgment to Kleypas on August 21, 2020. On October 12, 2020, because no notice of appeal had been filed from the final judgment, the Court informed Shattuck LLC that it thus appeared that the trial court had lost plenary power to reconsider its final judgment, including any interlocutory orders, such as the order denying Shattuck LLC's motion to compel arbitration, which had merged into the final judgment. *See Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex. App.—Dallas 2003, no pet.) (citing *Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex. 1993) (per curiam)). We further informed Shattuck LLC that a case is moot when it would have no practical effect on an existing controversy and that it appeared that although the issues related to the denial of the motion to compel arbitration may not be moot, the purpose of an interlocutory appeal had been mooted by the final judgment. *Id.*; *see also Tex. Dep't of Pub. Safety v. Alexander*, No. 03-04-00439-CV, 2005 WL 8147253, at *1 (Tex. App.—Austin Apr. 14, 2005, no pet.). Accordingly, we requested that Shattuck LLC file a response explaining how the Court may exercise jurisdiction over this appeal.

Shattuck LLC responded and informed the Court that it timely filed a motion for new trial on September 18, 2020, extending its deadline to file a notice of appeal. It further reiterated its request that we abate the interlocutory appeal until the summary judgment is appealed and then consolidate this appeal into the intended appeal from the summary judgment. We agree with Shattuck LLC that if the motion to compel arbitration was improperly denied, the merits of the case should not have been reached, and thus, the issue of the motion's denial is not moot. *See Alexander*, 2005 WL 8147253, at *1 (concluding that issues raised in interlocutory

2

appeal from denial of plea to jurisdiction were not mooted by entry of final judgment). Shattuck LLC may raise issues related to the denial of the motion to compel arbitration in its appeal from the final judgment, and if raised, those issues will be addressed by this Court. *See id.*

We deny Kleypas's motion to dismiss. Instead, we abate this appeal to allow Shattuck LLC to timely file its notice of appeal from the final judgment and the trial court time to consider the motion for new trial.[1] Shattuck LLC shall inform the Court on or before November l9, 2020, if it has filed a notice of appeal from the trial court's August 21, 2020 final judgment, or if no notice of appeal from the final judgment has been filed, Shattuck LLC shall file a status report with this Court. *See* Tex. R. App. P. 26.1(a) (requiring notice of appeal to be filed within 90 days after judgment is signed if any party files motion for new trial). After Shattuck LLC files a notice of appeal from the final judgment, if it wishes to consolidate the two appeals, a motion that complies with Texas Rule of Appellate Procedure 10 should be filed with this Court. If a notice of appeal from the final judgment is not filed in the trial court or a status report is not filed in this Court by November 19, 2020, we may dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

It is so ordered on October 30, 2020.

---

[1] We note that the trial court retains its plenary power to consider the motion for new trial. *See* Tex. R. Civ. P. 329b(e) ("If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first."). This Court retains jurisdiction to consider our jurisdiction over this appeal. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (holding that once notice of appeal, whether timely or untimely, is delivered to trial-court clerk for filing, "any further determination concerning appellate jurisdiction must be made by the appellate court").

Before Justices Goodwin, Triana, and Smith

Abated

Filed:   October 30, 2020