# Supreme Court of Texas

No. 21-0499

Warren Chen and DynaColor, Inc.,

*Petitioners,*

v.

Razberi Technologies, Inc., et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**Argued March 23, 2022**

JUSTICE DEVINE delivered the opinion of the Court.

Justice Bland did not participate in the decision.

Foreign defendants challenging personal jurisdiction filed an accelerated interlocutory appeal from the denial of their special appearances. While the appeal was pending, the trial court rendered a final judgment on the merits. Because the interlocutory order merged into the final judgment, the court of appeals dismissed the pending

appeal as moot without resolving the still-live jurisdictional issue.[1]  The court held that, following rendition of final judgment, the jurisdictional issue could be challenged only by filing a separate notice of appeal from that judgment, which the defendants failed to do.[2]  We reverse and remand to the court of appeals for disposition of the special appearance on the merits.

Under Texas Rule of Appellate Procedure 27.3, the court of appeals was obligated to treat the previously perfected appeal as an appeal from the final judgment, but only as to the issues raised in the existing appeal.  A second notice of appeal was not required unless the parties wished to expand the scope of the appeal.  This conclusion accords with Rule 27.3's plain language, our opinion in *Roccaforte v. Jefferson County*,[3] and the well-established principle that "a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."[4]  As we have repeatedly affirmed, the appellate rules must be construed "reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule."[5]  Because Rule 27.3 applies, a second "protective"

---

[1] ___ S.W.3d ___, 2021 WL 1702938, at *1 (Tex. App.—Dallas Apr. 28, 2021) (order reinstating the court's previously withdrawn opinion in *Chen v. Razberi Techs., Inc.*, 639 S.W.3d 105 (Tex. App.—Dallas 2020)).  For convenience, we refer to the court's 2020 opinion as *Chen I* and the 2021 order as *Chen II*.

[2] *Chen I*, 639 S.W.3d at 107.

[3] 341 S.W.3d 919, 924-25 (Tex. 2011).

[4] *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).

[5] *Id*. at 616-17.

2

notice of appeal from the final judgment was not necessary for the appellate court to maintain its pre-existing jurisdiction over the still-live jurisdictional dispute. The court therefore erred in dismissing the appeal as moot.

## I

Warren Chen is the Taiwanese CEO of DynaColor, Inc., a Taiwanese company that invested in and maintained a business relationship with Razberi Technologies, Inc. When the relationship soured, Razberi sued Chen and DynaColor (collectively, Chen) in Texas under various tort theories. The defendants specially appeared and challenged personal jurisdiction.

The trial court denied the special appearances, and Chen filed an accelerated interlocutory appeal[6] along with a motion to stay all trial-court proceedings pending disposition of the appeal.[7] The court of appeals denied Chen's motion, and the appeal proceeded with merits briefing and a scheduled oral-argument setting.

Three months before the argument setting, the trial court rendered final judgment against Chen.[8] The judgment expressly

---

[6] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7) (authorizing an interlocutory appeal from the grant or denial of a special appearance); TEX. R. APP. P. 28.1 (describing and setting procedures for accelerated appeals).

[7] By statute, commencement of trial was subject to an automatic stay while the interlocutory appeal was pending, but other trial-court proceedings were not automatically stayed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(b). *But see id.* § 51.014(c) (providing an exception to the automatic stay).

[8] At least in some circumstances, failure to object to rendition of judgment in violation of an automatic stay can waive the error. *See Roccaforte*, 341 S.W.3d at 923 (holding that judgment rendered in violation of an automatic stay is voidable and failure to object in the trial court waives any error related to the stay).

3

incorporated prior summary-judgment orders and mentioned, but did not expressly incorporate, the prior special-appearance rulings. Chen, having fired his trial counsel, did not file a notice of appeal from the final judgment.

When the deadline for filing an appeal had expired,[9] Razberi moved to dismiss the interlocutory appeal, asserting that rendition of a final judgment while an interlocutory appeal is pending moots the appeal even if the issue on appeal remains a live controversy. In opposition, Chen argued that, under Texas Rule of Civil Procedure 120a(4), an objection to jurisdiction is not waived by continued litigation in the trial court.[10]

The court of appeals granted Razberi's motion and dismissed the appeal.[11] Although the special-appearance issues remained substantively in dispute, the court concluded that "the purpose" of the pending appeal was mooted when the interlocutory order merged into the final judgment.[12] The court rejected Chen's Rule 120a argument, stating that "[t]he issue is not one of waiver because [the] appellants could have challenged the special appearance post-judgment by filing a separate notice of appeal" but "[t]hey chose not to."[13]

---

[9] *See* TEX. R. APP. P. 26.1.

[10] The rules provide: "If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a(4).

[11] *Chen I*, 639 S.W.3d at 107.

[12] *Id.*

[13] *Id.*

4

Chen moved for rehearing, arguing, in part, that the court was required to consider the perfected interlocutory appeal as an appeal from the final judgment. In support of this argument, Chen cited Texas Rule of Appellate Procedure 27.3, which provides:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, *the appellate court must treat the appeal as from the subsequent order or judgment* and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. The subsequent order or judgment and actions relating to it may be included in the original or supplemental record. *Any party may nonetheless appeal from the subsequent order or judgment.*[14]

The court of appeals granted Chen's motion for rehearing and withdrew its original opinion in *Chen I*. Razberi then filed motions for panel and en banc rehearing, and the court of appeals requested supplemental briefing on the merits and on the rehearing motions.

Shortly thereafter, we issued *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, which cited *Chen I* for the proposition that "the trial court's entry of a final summary judgment in the plaintiff's favor moots the defendant's pending interlocutory appeal from a prior order denying the defendant's special appearance, because the prior order merges into the final judgment."[15] *Panda Power* also cited another of the court of appeals' opinions, *City of Lancaster v. White*

---

[14] TEX. R. APP. P. 27.3 (emphases added).

[15] 619 S.W.3d 628, 635-36 (Tex. 2021).

5

*Rock Commercial, LLC*,[16] as supporting the principles that (1) a final judgment renders an appeal from an interlocutory order "procedurally moot" even when the controversy over the substantive issue remains live and (2) the live substantive issue may be raised by the appellant in an appeal from the final judgment.[17] In an order granting Razberi's motion for rehearing (*Chen II*), the court construed these favorable citations as validating *Chen I*'s disposition of the appeal on mootness grounds. On that basis, the court withdrew its prior rehearing order as improvidently granted and reinstated the original opinion.[18] The court did not discuss or cite Rule 27.3.

Justice Schenck dissented from the order in *Chen II*. In his opinion, (1) the trial court had no power to render a final judgment while the pending interlocutory appeal vested the appeals court with jurisdiction over the question of the trial court's jurisdiction to render any judgment at all against the foreign defendants;[19] (2) *Panda Power*, which involved a materially different procedural posture, did not support dismissal of the appeal;[20] (3) Rule 27.3 required the court to give continuing effect to the defendants' notice of appeal on the

---

[16] No. 05-16-00842-CV, 2017 WL 2875520, at *1 (Tex. App.—Dallas July 6, 2017, no pet.) (mem. op.) (dismissing an interlocutory appeal from the denial of a plea to the jurisdiction after the governmental defendant perfected an appeal from a final judgment on a jury verdict and holding that, while the "purpose" of the interlocutory appeal had been mooted by the final judgment, the jurisdictional issue could be raised in the then-pending appeal from the final judgment).

[17] 619 S.W.3d at 635-36 & nn.13-15.

[18] *Chen II*, ___ S.W.3d at ___, 2021 WL 1702938, at *1.

[19] *Id.* at *3-6 (Schenck, J., dissenting).

[20] *Id.* at *2-3 & *5.

6

special-appearance issues; (4) *Panda Power* made it clear that Rule 27.3 would apply to the circumstances presented;[21] and (5) "[t]o the extent [*Panda Power*] leaves open any question of whether [the court of appeals] should require the appellants to file a second, protective notice of appeal," established Texas Supreme Court precedent favors a merits-based disposition when supportable by a reasonable, yet liberal, construction of the appellate rules.[22]

Chen's petition for review argues that Rule 27.3 prevents the special-appearance appeal from becoming "procedurally moot" by requiring the court of appeals to treat the interlocutory appeal as if it were an appeal from the final judgment. Chen maintains that, when treated as such, the failure to file a second notice of appeal from the final judgment is inconsequential as to the live issues already pending in a perfected appeal before the appellate court. He points out that Rule 27.3 uses discretionary terms when discussing the filing of a notice of appeal from a subsequent order or judgment but uses mandatory terms to define the court's obligation to treat the pending appeal as if it were from the subsequent order or judgment.

Razberi argues that Rule 27.3 is inapplicable and, although the interlocutory appeal admittedly presents a live controversy, Chen's failure to appeal the final judgment precludes a merits-based disposition of the jurisdictional challenge.[23]

---

[21] *Id.* at *6-7.

[22] *Id.* at *7 (quoting *Verburgt*, 959 S.W.2d at 616-17).

[23] Razberi also argues that Chen waived Rule 27.3's application by failing to raise it in response to the motion to dismiss. We disagree. New arguments subsumed within the issues argued below can be raised for the first

## II

The main dispute concerns Rule 27.3's application and, more specifically, whether the final judgment "modified" or "vacated" the special-appearance order, as contemplated by the rule. Razberi contends that "merger" of an interlocutory order into a final judgment—which all concede happened here—is neither a modification nor vacatur of a prior order, so Rule 27.3 does not apply. Chen argues that our opinion in *Roccaforte v. Jefferson County* is on point and expressly holds to the contrary.[24] In *Roccaforte*, we held that Rule 27.3 allowed the court of appeals—and by extension, this Court—to reach the merits of a jurisdictional issue after the interlocutory order on appeal had "merged into the [final] judgment."[25]

Razberi further contends that, even if merger satisfies Rule 27.3's predicates, a second notice of appeal is nonetheless required under caselaw holding that interlocutory appeals presenting still-live controversies had become moot when the orders on appeal had merged

---

time in a motion for rehearing. *See Chi. Title Ins. Co. v. Cochran Invs., Inc.*, 602 S.W.3d 895, 907 n.13 (Tex. 2020); *State Off. of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 275 (Tex. 2017). Razberi moved for dismissal on a single ground—mootness. Chen's initial non-waiver argument under Rule 120a may have been off the mark, as the court of appeals held, but his argument on rehearing that the appeal was not moot under Rule 27.3 was nonetheless a "new argument" on the only dismissal issue argued to the court and was not itself a "new issue." Furthermore, the court of appeals granted Chen's motion for rehearing, allowing the parties to present new arguments pertaining to mootness. Accordingly, Chen's argument under Rule 27.3 was properly before the court when it later reinstated the dismissal of his appeal.

[24] 341 S.W.3d 919 (Tex. 2011).

[25] *Id.* at 924-25 ("Although not relying on rule 27.3, the court of appeals took a similar approach, treating Roccaforte's appeal as though it were from the final judgment.").

into final judgments.[26]  In arguing that a second notice of appeal is *required* for an appellate court to reach the merits of the pending appeal after merger, Razberi principally relies on cases in which the parties had *chosen* to file notices of appeal from the final judgments, so the courts were presented with separately perfected appeals in which the same live controversy could be raised.[27]  Chen did not appeal the final judgment, so those cases are procedurally distinguishable, but Razberi asserts that, by citing to *Chen I*, our opinion in *Panda Power* establishes that "procedural mootness" of an interlocutory appeal ensues after rendition of final judgment even if the judgment has not been appealed.  Despite Rule 27.3's language making an appeal from a subsequent order or judgment discretionary if a prior order or judgment has been modified or vacated while on appeal,[28] Razberi reads *Panda Power* as requiring—rather than permitting—the live issue to be raised in an appeal from the final judgment.

We agree with Chen that Rule 27.3 applies and the court of appeals erred in failing to treat the appeal of the special-appearance

---

[26] *See Tex. Dep't of Transp. v. Flores*, 513 S.W.3d 826, 827 (Tex. App.—El Paso 2017, no pet.); *Henry v. Flintrock Feeders, Ltd.*, No. 07-04-0224-CV, 2005 WL 1320121, at *1 (Tex. App.—Amarillo June 1, 2005, no pet.) (mem. op.).

[27] *See Flores*, 513 S.W.3d at 827; *Henry*, 2005 WL 1320121, at *1; *City of Lancaster*, 2017 WL 2875520, at *1; *Tex. Dep't of Pub. Safety v. Alexander*, No. 03-04-00439-CV, 2005 WL 8147252, at *1 (Tex. App.—Austin Apr. 14, 2005, no pet.) (mem. op.).

[28] *Cf. Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 391 (Tex. 2020) (interpreting the word "may" as "creat[ing] discretionary authority or grant[ing] permission or a power" (alterations in original) (quoting *Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex. 2009))).

9

order as an appeal from the final judgment into which the ruling merged.

## A

Rule 27.3's applicability is decisively answered by *Roccaforte*, in which we held that the rule preserved a pending interlocutory appeal even after rendition of a final judgment.[29] *Roccaforte* involved a procedural scenario somewhat analogous to this case. There, Deputy Constable Larry Roccaforte had sued Jefferson County and Constable Jeff Greenway, asserting claims arising from termination of his employment.[30] The trial court indicated that it would grant the County's plea to the jurisdiction and sever those claims from the underlying case but did not immediately do so.[31] The case then proceeded to a jury trial only against the Constable, and after the jury returned a verdict favorable to the Deputy Constable,[32] the trial court entered an order granting the County's jurisdictional plea.[33] However, the court did not sever the claims against the County, and before the trial court had rendered any judgment on the jury's verdict, the Deputy Constable perfected an interlocutory appeal from the order granting the County's plea to the jurisdiction.[34]

---

[29] 341 S.W.3d at 924-25.

[30] *Id.* at 920.

[31] *Id.*

[32] Because our opinion today discusses two separate appeals and petitions for review filed by Deputy Constable Roccaforte, we refer to him by his official title to avoid confusion with the case name of the relevant opinion.

[33] *Id.*

[34] *Id.*

By statute, the trial-court proceedings were subject to an automatic stay during the pendency of the interlocutory appeal, but the trial court nonetheless proceeded to grant, in part, the Constable's motion for judgment notwithstanding the verdict and, accordingly, rendered a "final judgment" that was only partially favorable to the Deputy Constable. The final judgment expressly denied "all relief no [sic] granted in [the] judgment."[35] Although the County was not a party to the jury trial, the final judgment's caption included the County.[36]

Both the Deputy Constable and the Constable appealed the final judgment, but that separate appeal did not include any of the Deputy Constable's claims against the County.[37] In the appeal from the final judgment, the court of appeals rendered a take-nothing judgment against the Deputy Constable.[38] On the same day we issued the opinion in *Roccaforte*—which involved only the separately perfected interlocutory appeal between the Deputy Constable and the County— we denied the Deputy Constable's petition for review on his claims against the Constable.[39]

In the interlocutory appeal, the court of appeals had issued a ruling on the merits that was favorable to the County, and we granted the Deputy Constable's petition for review.[40] Because only the Deputy

---

[35] *Id.* at 920-21 (alterations in original).

[36] *Id.* at 921.

[37] *Id.*

[38] *Id.* (citing *Greenway v. Roccaforte*, No. 09-08-00529-CV, 2009 WL 3460683, at *15 (Tex. App.—Beaumont Oct. 29, 2009, pet. denied) (mem. op.)).

[39] *Id.* at 921 & n.1.

[40] *Id.* at 921.

11

Constable's separately perfected interlocutory appeal was before this Court, a question arose about whether the trial court's final judgment had mooted the interlocutory appeal.[41] Relying on Rule 27.3, we held that it did not.[42] We explained that, by "merg[ing]" the interlocutory order into the final judgment, the final judgment "implicitly modified" the interlocutory order, so the continuing appeal could be treated as relating to that final judgment.[43] We said that "although the trial court's final judgment did not expressly modify its interlocutory order . . . [it] necessarily replaced the interlocutory order, which merged into the judgment, even though [the Deputy Constable's] interlocutory appeal remained pending."[44] We then explained that, under such circumstances, Rule 27.3 treats the interlocutory appeal as an appeal from the final judgment, allowing a disposition on the merits "rather than dismiss[al of] the interlocutory appeal as moot."[45]

For all intents and purposes, the relevant procedural posture in *Roccaforte* was just like this one. With respect to the Deputy Constable's claims against the County, there was an interlocutory order and an interlocutory appeal, and during the pendency of that appeal, the trial court rendered a final judgment in the nonappealing party's favor, which the appealing party never appealed. Nonetheless, we held that the

---

[41] *Id.* (observing that because Roccaforte "did not complain about the County's dismissal in his appeal from the final judgment[,] [h]is separate interlocutory appeal . . . rests on a precipice of mootness").

[42] *Id.* at 924-25.

[43] *Id.* at 924.

[44] *Id.*

[45] *Id.* at 924-25.

12

merits of the previously perfected appeal were properly before us because, under Rule 27.3, that appeal was not moot—neither procedurally nor substantively.

Razberi reads *Roccaforte* as turning on a significant substantive change between the interlocutory order and the final judgment— inferring that our decision was based on the disposition against the County being implicitly changed from dismissal without prejudice to dismissal with prejudice. But our opinion in *Roccaforte* said nothing of the sort. We plainly—and only—said that the *merger* of one into the other was a modification for purposes of Rule 27.3's application. Razberi's suggestion that a modification has to be something more significant than merger does not accord with *Roccaforte*'s analysis and adds words of limitation not found in Rule 27.3's text. It is also discordant with the ordinary meaning of the word "modify," which means "[t]o make somewhat different."[46]

In not requiring a second notice of appeal on the still-live issue in the already pending interlocutory appeal, *Roccaforte*'s holding and procedural posture is consistent with Rule 27.3's specific language, which requires the court of appeals to treat the *existing appeal* as if it were from the subsequent judgment rather than requiring a *subsequent appeal* to include the issues in the prior appeal. That is, the pending appeal is expressly continued without the necessity of filing a second notice of appeal. This conclusion is further consistent with the rule's language making an appeal from a subsequent judgment *discretionary* while *mandating* that the existing appeal be treated as continuing.

---

[46] *See* BLACK'S LAW DICTIONARY (11th ed. 2019).

As we explain below, *Panda Power* cannot be read as repudiating either *Roccaforte* or Rule 27.3's express language. In arguing to the contrary, Razberi places more weight on *Panda Power*'s citation to *Chen I* than the opinion allows.

**B**

*Panda Power* generally discusses mootness principles in cases involving appeals that had been perfected from both an interlocutory order and a final judgment, but it also includes a citation to *Chen I*, which did not. Even so, *Panda Power* pointedly discusses the precise scenario presented here in observing that, after merger of an interlocutory order into a final judgment, Rule 27.3 would *require* an intermediate appellate court to treat the interlocutory appeal as from the final judgment rather than as an appeal from the prior interlocutory order.[47]

*Panda Power* involved a materially different procedural posture than this case. There, the interlocutory appeal was no longer pending in the court of appeals when the trial court rendered a final judgment, which was then timely appealed.[48] Rather, the trial court rendered final judgment after the petition for review from the interlocutory appeal had been filed in this Court. Although the sovereign-immunity issues on appeal here remained live controversies, rendition of the final judgment caused us to question whether the appeal pending in this Court was procedurally mooted by merger of the interlocutory order into the final

---

[47] *See Panda Power*, 619 S.W.3d at 637 n.17.

[48] *Id.* at 632-33.

14

judgment, which, by that time, was under the jurisdiction of the intermediate appellate court.[49]

In holding that the interlocutory appeal in this Court was procedurally moot, we clarified that, had the trial court "entered a final judgment *before* the court of appeals" disposed of the interlocutory appeal and a related mandamus petition, "rule 27.3 would have *required* the court of appeals to treat [the interlocutory appeal] as an appeal from the final judgment, and not from the prior interlocutory order denying ERCOT's jurisdictional plea, which merged into the final judgment."[50] However, given *Panda Power*'s procedural posture, "the court of appeals could not have treated the interlocutory appeal as an appeal from the final judgment because the [interlocutory] appeal was no longer pending [in that court] when the trial court entered the final judgment, so rule 27.3 could not have applied."[51] Rule 27.3 can and does apply here.

Whatever Razberi infers from the general principles discussed in *Panda Power* does not negate our more specific explanation of how Rule 27.3 applies under circumstances identical to these. Nor can *Panda Power* be read as rejecting *Roccaforte*'s clear holding, which makes that rule applicable under materially indistinguishable circumstances.[52] Indeed, although the Court was divided in *Panda Power* on whether and how Rule 27.3 would apply in the odd procedural posture of that case, we were unanimous that the rule would compel the

---

[49] *Id.* at 633-34.

[50] *Id.* at 637 n.17 (emphasis added).

[51] *Id.*

[52] *Id.* (contrasting the procedural posture in *Panda Power* with the procedural posture in *Roccaforte*).

15

court of appeals to give continuing effect to a notice of appeal in a pending interlocutory appeal that was not substantively moot.[53] Consequently, by operation of the rule, the pre-existing notice of appeal effectively "raise[s] the live substantive issue in an appeal from the final judgment."[54]

## C

Reasonably construed, the Rules of Appellate Procedure do not require Chen to forfeit substantive constitutional rights that were timely presented to the court of appeals for review. In fact, they mandate the contrary. Moreover, "[t]his Court has never wavered from the principle" that "the right of appeal should not be lost due to procedural technicalities."[55] To that end, we have repeatedly instructed that "a court of appeals has jurisdiction over any appeal in which the appellant files an instrument in a bona fide attempt to invoke the

---

[53] *Compare id.* (concluding Rule 27.3 could not apply in *Panda Power* because the interlocutory appeal was no longer pending in the court of appeals when the trial court entered final judgment and, even if the court of appeals *could have* granted Panda's motion for rehearing, the rule did not *require* it to do so), *with id.* at 646 & n.15 (Hecht, C.J., dissenting) (explaining that since the court of appeals still retained plenary jurisdiction over the interlocutory appeal for a thirty-day period after it denied Panda's motion for rehearing, this Court was incorrect in concluding that Rule 27.3 could not apply "because the appeal was no longer pending").

[54] *See id.* at 636 ("When [procedural mootness] occurs, the complaining party's remedy is to raise the live substantive issue in an appeal from the final judgment.").

[55] *Verburgt*, 959 S.W.2d at 616 ("[A]ppellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal."); *Roccaforte*, 341 S.W.3d at 924; *see Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 665-66 (Tex. 2011) (holding that the court of appeals erred in dismissing an appeal because an arguable interpretation of the appellate rules allowed a premature, pre-judgment motion to extend an appellate timetable).

16

appellate court's jurisdiction."[56]  That certainly is the case here, where Chen properly invoked the appellate court's jurisdiction over the special appearances.

Lest there be any lingering doubt about whether the court of appeals should require a second "protective" notice of appeal to preserve a substantively live issue in a pending appeal, *Roccaforte* and Rule 27.3 support the conclusion that, if an order on interlocutory appeal merges into a final judgment, the court of appeals must treat the initial appeal as if it were an appeal from final judgment.  Any party to the judgment may also appeal the final judgment[57]—and must if they want to expand the issues beyond those that are already the subject of a timely perfected appeal.[58]  Otherwise, such matters are not brought within the court of appeals' jurisdiction.[59]  Prudent lawyers might also choose to file a second protective notice of appeal from the final judgment to avoid any uncertainty about whether appellate issues they wish to raise are within the scope of the previously filed appeal.[60]

---

[56] *Verburgt*, 959 S.W.2d at 616.

[57] *See* TEX. R. APP. P. 27.3 ("Any party may nonetheless appeal from the subsequent order or judgment.").

[58] *See* TEX. R. APP. P. 25.1.

[59] *See id.*

[60] We are not persuaded, as Razberi argues, that requiring a second notice of appeal is necessary to ensure that a nonappealing party has an opportunity to file an appeal or cross-appeal complaining of errors in a final judgment.  First, litigants aggrieved by a final judgment may appeal that judgment even if no other party perfects an appeal.  So even if the prior-appealing party fails to file a notice of appeal from the final judgment, that would not prevent the opposing party from doing so on its own accord.  Second, Texas Rule of Appellate Procedure 26.1(d) contemplates that a litigant may have no interest in appealing an alleged error in a judgment unless

17

## III

When an interlocutory order that is on appeal in the court of appeals merges into a final judgment, Rule 27.3 prevents that appeal from becoming procedurally moot. Chen perfected an interlocutory appeal challenging personal jurisdiction; that appeal was pending in the court of appeals when the trial court rendered final judgment; the interlocutory order merged into the final judgment, but Rule 27.3 continues that appeal as if it were from the final judgment; and the pre-existing appeal still presents a live controversy. Accordingly, the appeal from the trial court's special-appearance ruling was neither substantively nor procedurally moot, and the court of appeals' dismissal of the appeal was erroneous.

Although we agree with Chen that a second notice of appeal was not required, we note that Chen does not argue, and we do not hold, that Rule 27.3 operates to perfect an appeal as to any other issues resolved by the final judgment that were not encompassed by the pre-existing appeal. Any party seeking to challenge issues not already pending before the appellate court must file a notice of appeal from the final judgment. Although any litigant in this case could have filed a notice of

---

another party chooses to appeal and challenge the judgment. For that reason, "[i]f any party timely files a notice of appeal, another party may file a notice of appeal within [the time period for perfecting an appeal] or 14 days after the first filed notice of appeal, whichever is later." TEX. R. APP. P. 26.1(d). Giving effect to Rule 27.3 does not deprive a litigant of making this choice. A litigant desiring to appeal a final order as to an issue that has merged into the order will already be on notice of a pending appeal raising the issue and may perfect an appeal in the ordinary manner. And if the prior-appealing party does elect to appeal other issues arising from the final judgment, any other litigant would still be able to take advantage of the fourteen-day grace period Rule 26.1(d) affords to cross-appellants.

18

appeal from the final judgment to broaden the issues, no one did. Accordingly, we reverse and remand to the court of appeals to consider only the merits of the personal-jurisdiction issue.

_____
John P. Devine
Justice

**OPINION DELIVERED:** May 27, 2022