**Opinion issued August 8, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00361-CV

————————————

**DANCE LOVE INSPIRE, LLC AND MARCELLO GOMEZ, Appellants**

**V.**

**CHAMPION VILLAGE LLC, CHAMPION VILLAGE TIC 1 LLC, CHAMPION VILLAGE TIC 2 LLC, CHAMPION VILLAGE TIC 3 LLC, CHAMPION VILLAGE TIC 4 LLC, CHAMPION VILLAGE TIC 5 LLC, CHAMPION VILLAGE TIC 6 LLC, CHAMPION VILLAGE TIC 8 LLC, CHAMPION VILLAGE TIC 9 LLC, CHAMPION VILLAGE TIC 12 LLC, CHAMPION VILLAGE TIC 13 LLC, AND CHAMPION VILLAGE TIC 14 LLC, Appellees**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-07090**

---

**MEMORANDUM OPINION**

Appellants appeal from the trial court's May 9, 2023 order denying appellants' motion for default judgment. We dismiss.

This case began as a lawsuit filed by Champions Village LLC and other Champions Village entities against appellants Dance Love Inspire, LLC and Marcello Gomez to recover unpaid rent and fees. Appellants filed a counterclaim against First National Realty Partners (Advisors), Dore Rothberg McKay, P.C., Brent Dore, and Alyna Caesar-Ayure. Three days later, appellants filed a motion to dismiss and motion for default judgment against First National Realty Partners, Champions Village TIC, and Dore Rothberg McKay P.C.

Appellants set their motion for default judgment for submission on May 8, 2023. On May 9, 2023, the trial court signed an order denying appellants' motion for default judgment. Appellants filed a notice of appeal challenging the May 9, 2023 order.

On June 13, 2023, this Court issued a notice advising appellants that the appeal might be dismissed for lack of jurisdiction because it appeared that the order appealed was not an appealable order. Appellants filed a number of motions and letters after our notice issued.

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the

2

record . . . ." *Id.* The order appealed in this case does not dispose of any parties or claims and only denies appellant's motion for default judgment. Thus, the order is interlocutory because it does not dispose of all parties and claims. *See id.* There is no statute authorizing an interlocutory appeal from an order denying a motion for default judgment. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) ("Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction.").[1] Absent statutory authority for an appeal from this interlocutory order, we must dismiss this appeal for lack of jurisdiction.

We dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Any pending motions are dismissed as moot.

PER CURIAM

Panel consists of Justices Kelly, Hightower, and Countiss.

---

[1]     Appellants desiring to appeal interlocutory orders that are not made appealable by statute ordinarily must wait until the order is merged into a final judgment and then raise the challenge to the interlocutory ruling in its appeal from the final judgment. *See GJP, Inc. v. Ghosh*, 251 S.W.3d 854, 867 n. 15 (Tex. App.—Austin 2008, no pet.); *Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex. App.—Dallas 2003, no pet.) (observing that any interlocutory orders are merged into final judgment).